**Olen KELLY et al., Plaintiffs-Appellants,**

**v.**

**KENTUCKY OAK MINING COMPANY, INC., Defendant-Appellee.**

**No. 73-1734.**

United States Court of Appeals, Sixth Circuit.

Feb. 6, 1974.

Alva A. Hollon, Hazard, Ky., for plaintiffs-appellants.

J. W. Craft, Jr., Craft, Barret, Haynes & Ward, Hazard, Ky., for defendant-appellee.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

PER CURIAM.

This appeal was assigned to this panel for consideration under Rules 3(e), 8 and 9, Rules of the Sixth Circuit. The sole issue presented is whether the District Judge erred in dismissing the action for lack of jurisdiction over the defendant corporation.

In 1964, plaintiffs Olen and Paul Kelly, both Ohio citizens, filed this action in trespass against the defendant, Kentucky Oak Mining Company, Inc. Olen and Paul Kelly are brothers and joint owners of a tract of land in Knott County, Kentucky, over which the defendant's trucks allegedly hauled coal without the permission of the Kelly brothers.

Olen Kelly's wife, Zola D. Kelly, instituted a similar action in 1964 in which she alleged that defendant's trucks had also hauled coal without her permission over a nearby tract of Knott County land which she owns. Averments were made in both complaints of damage to the land caused by the alleged trespasses of the defendant.

The jurisdictional allegations in both complaints were identical. Jurisdiction was based on diversity of citizenship because the plaintiffs were Ohio citizens and the defendant was "a corporation existing under and by virtue of the law of the State of Kentucky with authority to sue and be sued in its corporate name with its home office at Hazard, Kentucky." The defendant's answers to the complaint specifically admitted the plaintiffs' jurisdictional allegations, but generally claimed that the facts were not sufficient to constitute a cause of action.

Between 1964 and 1969 various depositions were taken, but the actions were regularly continued on the docket of the District Court. Although the litigants filed briefs in 1971, the actions were again continued.

Finally on March 7, 1973, almost nine years after the complaints were filed, the District Court sua sponte consolidated the actions and dismissed the consolidated action because of defective jurisdictional allegations with respect to the principal place of business of the defendant corporation.[1]

Since this case is being considered pursuant to Rules 3(e), 8 and 9, Rules of the Sixth Circuit, in order to reverse the order of the District Court we must conclude that the District Judge committed "clear error" within the meaning of Rule 9. Rule 9, in relevant part, provides:

"Whenever a panel of this Court reviewing an appeal under procedures initiated under Rules 3, 8 or 9 concludes that clear error requires reversal or vacation of a judgment or order of the District Court or remand for additional proceedings in the District Court the panel may enter an appropriate order to accomplish this result."

28 U.S.C. § 1332 provides for diversity of citizenship jurisdiction in the federal courts and, in relevant part, is as follows:

"(c) For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

In the present case, the plaintiffs alleged not that the defendant corporation's "principal place of business" was in Kentucky, but that the defendant's "home office" was in Kentucky.[2] Citing Wymard v. McCloskey Co., 342 F.2d 495, 497 (3rd Cir. 1965), the District Judge held that because of this discrepancy in jurisdictional allegation, § 1332(c) was not satisfied and therefore dismissed the action.

The facts in this case are clearly distinguishable from those in *Wymard* in at least three respects. First, and most importantly, the plaintiff in *Wymard*

---

1. The plaintiffs do not dispute that the District Judge correctly consolidated the two actions.

2. There is no dispute that the plaintiffs satisfied the first half of the § 1332(c) requirement by alleging that the defendant corporation was incorporated under the laws of the state of Kentucky.

specifically declined to amend its complaint to comply fully with § 1332(c). Here the District Judge did not give the plaintiffs such an opportunity to amend their complaints. Second, the record in *Wymard* suggested that the principal place of business of the defendant corporation was located in the same state of which the plaintiff was a citizen. In this case, the record strongly suggests that the principal place of business of the defendant corporation is in Kentucky, a state diverse to the Ohio plaintiffs. Third, there was no allegation at all in *Wymard* with respect to the principal place of business of the defendant corporation. Here the plaintiffs at least attempted to comply with the requirements of § 1332(c) by alleging the state in which the defendant's "home office" was located.

Although Rule 12(h)(3), Fed.R.Civ.P., permits the District Judge to dismiss an action when jurisdiction of the subject matter is lacking, Rule 15(a), Fed.R. Civ.P., sanctions liberal granting of permission to amend the pleadings when justice so requires. In this case, which had been on the docket of the District Court for almost nine years when the District Judge sua sponte dismissed the action, the corporate defendant specifically admitted the jurisdictional allegations in both complaints. The plaintiffs, of course, relied on these admissions of the presence of jurisdiction.

Accordingly, we hold that the action of the District Judge in dismissing the consolidated action was clear error within the meaning of Rule 9, Rules of the Sixth Circuit. That portion of the District Judge's order of March 7, 1973, dismissing the trespass action is therefore vacated. The case is remanded to the District Court with instructions to

permit the plaintiffs to amend their complaint to comply with the requirements of 28 U.S.C. § 1332(c).[3]

Reversed and remanded.

---

3. This disposition of the case makes it unnecessary for us to reach the issue of whether the allegation of a corporation's "home office" satisfies the "principal place of business" jurisdictional requirement of 28 U.S.C. § 1332(c). We note Delome v. Union Barge Line Co., 444 F.2d 225, 233 (5th Cir. 1971), in which the court stated " . . . an allegation that a corporation's home office is located in a certain state is not equivalent to a declaration that its principal place of business is situated in that state." We, however, specifically defer resolution of this issue until such time as it is squarely presented to us.