William A. POWELL, Plaintiff,

v.

STERLING DRUGS, INC., a Foreign Corporation, Defendant.

Civ. No. 78–71350.

United States District Court,
E. D. Michigan, S. D.

Aug. 10, 1978.

**370**

V. Paul Donnelly, Haynes & Donnelly, Detroit, Mich., for plaintiff.

W. P. Cooney, Plunkett, Cooney, Rutt, Watters, Stanczyk & Watters, Southfield, Mich., for defendant.

## OPINION AND ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO AMEND REMOVAL PETITION

CORNELIA G. KENNEDY, Chief Judge.

This action alleging age discrimination in violation of state law was commenced in the Wayne County Circuit Court and was removed by defendant to this Court on May 31, 1978, pursuant to 28 U.S.C. § 1441 on the basis of diversity of citizenship and amount in controversy. On June 26, 1978, the plaintiff moved that the case be remanded because the defendant had not set forth its principal place of business in the removal petition and it was therefore impossible to know whether diversity did in fact exist. Defendant responds that it did set forth facts which would allow a finding of diversity and that it is named as a foreign corporation in plaintiff's complaint. In the alternative, it asks that it be allowed to amend its petition if the court finds it to be defective.

There have been a number of district court cases in this circuit—the most recent in this district—which have found petitions similar to that in the instant case defective and have remanded the action. *See, e. g. Van Horn v. Western Electric Co.*, 424 F.Supp. 920 (E.D.Mich.1977); *Walsh v. American Airlines, Inc.*, 264 F.Supp. 514 (E.D.Ky.1967); *Wells v. Celanese Corporation of America*, 239 F.Supp. 602 (E.D.Tenn. 1964); *Evans-Hailey Co. v. Crane Co.*, 207 F.Supp. 193 (M.D.Tenn.1962); *but c.f. Jackson v. Metropolitan Life Insurance Co.*, 433 F.Supp. 707 (E.D.Ky.1977). However, when the United States Court of Appeals for the Sixth Circuit considered this question, it found that it would have been plain error to remand. *Kelly v. Kentucky Oak Mining Co.*, 491 F.2d 318 (6th Cir. 1974) (per curiam). The reasoning of the court in that case suggests that if there is a willingness to amend and the requirements for diversity jurisdiction actually exist, then it would be incorrect to remand. (The court's opinion in *Van Horn* makes no reference to *Kelly*.)

In its brief opposing the motion to remand, Sterling does state that it is incorporated in Delaware and has its principal place of business in New York. It also claims that it would be willing to amend its petition should the Court find that it is defective. Thus, the basic requirements set forth in *Kelly* are satisfied.

However, the question remains whether the defendant's failure to allege a principal place of business is too fatal a defect to allow amendment. Essentially, the defendant's petition for removal paraphrases 28 U.S.C. § 1332 and does not contain all the components set forth in Federal Form 3(a). In addition to the jurisdictional amount, it alleges that the plaintiff is a citizen of Michigan, that defendant is a citizen of Delaware, and that the case is one which could originally have been brought in federal court. In other words, it is defective only in that it fails to state expressly its principal place of business. However, this is a fact which can be reasonably inferred from the defendant's allegation that the case could originally have been brought in federal court.

The Tenth Circuit found a similarly worded petition to be defective but capable of amendment. *Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299 (10th Cir. 1968); *see also Barrow Development Co. v. Fulton Insurance Co.*, 418 F.2d 316 (9th Cir. 1969). In the *Kelly* case itself, petitioner alleged that "the plaintiffs were Ohio citizens and the defendant was 'a corporation existing under and by virtue of the law of the State of Kentucky with authority to sue and be sued in its corporate name with its home office at Hazard, Kentucky.'" 491 F.2d at 319. If this allegation of diversity was not so defective as to preclude amendment, then amendment must also be allowed in this case where the defendant does expressly state that diversity exists. In addition, to allow the defendant to amend would comport with the policy expressed in 28 U.S.C. § 1653 and in Rule 15 in the Federal Rules of Civil Procedure, particularly in a case, such as the instant one, involving no material addition and therefore no surprise to the plaintiff.

For the foregoing reasons, the plaintiff's petition to remand is DENIED. The defendant's request to amend its petition for removal is GRANTED.

IT IS SO ORDERED.