**BOARD OF EDUCATION OF CHARLES COUNTY, MARYLAND**

v.

**The TRAVELERS INDEMNITY COMPANY.**

**Civ. No. B–80–0047.**

United States District Court, D. Maryland.

March 5, 1980.

**130**

Edward S. Digges, LaPlata, Md., E. Stephen Derby, E. Fremont Magee and Piper & Marbury, Baltimore, Md., for plaintiff.

B. Conway Taylor, Jr., B. Ford Davis, Paul W. Madden, and Whiteford, Taylor, Preston, Trimble & Johnston, Baltimore, Md., William Hart and Hart & Hume, New York City, for defendant.

## MEMORANDUM AND ORDER

C. STANLEY BLAIR, District Judge.

This is an action on a surety bond executed in connection with a contract to build a school in Charles County, Maryland. The defendant surety removed the case to this court and has sought to consolidate it with the related contract action, which is assigned to the undersigned. The plaintiff has petitioned for remand to the Circuit Court for Charles County, Maryland, on the ground that the defendant has not properly alleged the citizenship of the parties. This court will deny the petition for remand.

It appears from close examination of the original pleading filed in county court that there exists the requisite diversity of citizenship between the parties. Exhibit A to the declaration, which is incorporated by reference, plainly states that the defendant is incorporated in Connecticut, and gives the defendant's business address in New York. Additionally, the caption of the declaration, as required by Maryland Rule of Procedure 301 e, gives the address of the surety in New York. Service was made on the defendant by serving the Insurance Commissioner of Maryland, pursuant to *Annot. Code of Md.*, Art. 48A § 57 and Md. Rule of Procedure 106 § f(1). Notwithstanding the obviousness of the citizenship of the parties on the face of the pleadings the plaintiff is technically correct that the removal petition did not allege the jurisdictional facts in detail.

Accordingly, the defendant has moved to amend its petition to state with particularity the facts that at the time of the original petition, the plaintiff was a citizen (and political subdivision) of the State of Maryland and that the defendant was a citizen of a state other than Maryland, being incorporated and having its principal place of business outside of this State. The plaintiff urges this court not to exercise its discretion in favor of permitting the amendment, arguing that to do so would allow the defendant to circumvent the thirty-day time limit for petitioning for removal. *See, e. g., Van Horn v. Western Electric Co.*, 424 F.Supp. 920, 925 (E.D.Mich.1977).

The defendant has correctly noted, however, that substantial authority would permit amendment in accordance with 28 U.S.C. § 1653, which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." *See, e. g., Kinney v. Columbia Savings & Loan Ass'n*, 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103 (1903); *Barrow Development Co. v. Fulton Insurance Co.*, 418 F.2d 316, 318 (9th Cir. 1969); *Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 302 (10th Cir. 1968); *Firemen's Insurance Co. v. Robbins Coal Co.*, 288 F.2d 349, 350 (5th Cir.), *cert. denied*, 368 U.S. 875, 82 S.Ct. 122, 7 L.Ed.2d 77 (1961); *and see Willingham v. Morgan*, 395 U.S. 402, 407 n.3, 89 S.Ct. 1813, 1816 n.3, 23 L.Ed.2d 396 (1969). These authorities suggest, and common sense dictates, that the amendment ought to be permitted in the instant case. Since the amendment sufficiently cures any defect in the original allegation of the jurisdictional basis for removal, the plaintiff's petition for remand will be denied.

For the foregoing reasons, it is this 5th day of March, 1980, by the United States District Court for the District of Maryland, hereby ORDERED:

1) That the defendant's amendment to the petition for removal be, and the same hereby is, permitted; and

2) That the plaintiff's motion to remand be, and the same hereby is, DENIED.