**Barbara ROMASHKO, etc., Plaintiff,**

v.

**AVCO CORPORATION, et al., Defendants.**

**No. 82 C 7482.**

United States District Court, N.D. Illinois, E.D.

Jan. 6, 1983.

John W. McMurray, Stephen J. McMullen, Bradley, McMurray, Black & Snyder, Chicago, Ill., for plaintiff.

Michael J. Sehr, Haskell & Perrin, Chicago, Ill., for defendant Avco.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Barbara Romashko ("Romashko") initially filed this action against Avco Corporation ("Avco") and a number of other defendants in the Circuit Court of Cook County, Illinois. Avco removed the action to this Court, and Romashko has moved for remand to the state court on the ground "all defendants have not joined in [the] removal." Romashko's motion is granted, though she has mistaken the precise reason remand is appropriate.

Although the general rule is "all defendants must join in a removal petition in order to effect removal," *Northern Illinois Gas Co. v. Airco Industrial Gases,* 676 F.2d 270, 272 (7th Cir.1982), nominal, unknown or fraudulently joined defendants may be disregarded, 1A *Moore's Federal Practice* ¶ 0.168[3.–2], at 448–49 (1982). Nor need a nonserved nonresident defendant join in a removal petition. *Id.* at 452.

This Court does not however reach that level of inquiry, because Avco has failed at the threshold to satisfy a prerequisite that is a corollary to the just-stated rules. It is defendant's burden under the removal statute (28 U.S.C. § 1446(a)) to explain affirmatively the absence of codefendants in the petition for removal, and failure to set out such an explanation renders the removal petition defective. *Northern Illinois Gas,* 676 F.2d at 273; *P.P. Farmers' Elevator Co. v. Farmers Elevator Mutual Ins. Co.,* 395 F.2d 546, 548 (7th Cir.1968); 1A *Moore's Federal Practice* ¶ 0.168[3.–4], at 458–59.

Avco did not explain the absence of its codefendants in its removal petition. This case must be and is remanded to the Circuit Court of Cook County, for even though the action was potentially removable "the procedure used to effect removal was defective and plaintiff did not waive the defect." *P.P. Farmers' Elevator,* 395 F.2d at 548.[1]

---

1. It appears from an exhibit to Romashko's motion that two of Avco's codefendants (Vincennes University and James Wilson) are opposed to removal. In light of the current ruling, no inquiry need be made into the relationship between the time those defendants were served with process and the time of Avco's removal petition, or any other facts that could bear on whether Avco was indeed the only defendant required to join in the removal petition when it was filed.