Irving E. **GREEN**

v.

**HAJOCA CORPORATION.**

Civ. A. No. 83–0593–R.

United States District Court,
E.D. Virginia,
Richmond Division.

Nov. 10, 1983.

Anthony H. Robinson, Robinson, Buchanan & Associates, Richmond, Va., for plaintiff.

Samuel W. Hixon, III, Williams, Mullen & Christian, Richmond, Va., Walter H. Flamm, Jr., Jeffrey A. Smith, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for defendant.

## ORDER AND OPINION

WARRINER, District Judge.

Presently before the Court is plaintiff's motion to remand this removed case to Circuit Court of the City of Richmond, Virginia, Division II. The matter has been fully briefed and is ripe for adjudication.

Plaintiff initiated this action against the defendant in the Circuit Court of the City of Richmond, Division II, by demanding judgment at law and in equity pursuant to § 65.1–40.1 of the Code of Virginia, 1950, as amended. This statute specifically prohibits retaliatory action by employers against their employees who, like plaintiff, exercise their right to make application for workmen's compensation benefits. Defendant Hajoca Corporation filed a timely petition for removal averring diversity of citizenship under 28 U.S.C. § 1332(a)(1).

Plaintiff seeks remand on the ground that 28 U.S.C. § 1445(c) prohibits the removal to a federal court of any claim arising under the workmen's compensation laws. The statute states: "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Since this action plainly arises under Va.Code § 65.1–1 *et seq.*, the workmen's compensation statute for the Commonwealth, it would appear that the action must be remanded.

Defendant counters with the argument that properly speaking plaintiff's cause of action does not "arise under" the workmen's compensation laws. Defendant points out that plaintiff is not litigating his entitlement to workmen's compensation benefits, properly so called, but rather his statutory right not to be discharged in retaliation for filing the workmen's compensation claim. Further, defendant points to plaintiff's claim for compensatory and punitive damages under a common law right not to be subject to tortious and wrongful discharge consequent to defendant's malice against plaintiff. The fact that plaintiff seeks punitive damages, not available under workmen's compensation, defendant argues, shows that plaintiff's claim is not properly one under the workmen's compensation laws for purposes of § 1445(c) and therefore the action should not be remanded even if the statutory claim be deemed to arise under the workmen's compensation laws.

In *Fernandez v. Reynolds Metals Co.,* 384 F.Supp. 1281, 1283 (S.D.Tex.1974) the court examined a nearly identical situation. Plaintiff alleged he was discriminated against in his employment by defendant employer because plaintiff utilized workmen's compensation proceedings. Plaintiff sought punitive as well as statutory damages. Defendant opposed plaintiff's petition to remand to the State court, contending that plaintiff's claim was not one for compensation for an injury received as an employee. Defendant employer, like Hajoca, argued that the fact that the statute had been codified as part of the workmen's compensation act did not make any claim

filed under it a traditional workmen's compensation action. The district court held:

Art. 8307c [a Texas code section similar to Va.Code § 65.1–40.1], which offers protection for those who wish to pursue claims under the state's workmen's compensation laws must be considered part of those laws for the purpose of removability set forth in 28 U.S.C. § 1445(c). Such a result comports with the dictates that federal courts should not strain to find ways to entertain workmen's compensation suits, *Kay v. Home Indemnity Co.*, 337 F.2d 898, 901 (5th Cir.1964), as well as the proposition that a case should be remanded if federal jurisdiction is doubtful. *Williams v. Tri-County Community Center*, 323 F.S..,.)p. 286 (S.D. Miss.) *aff'd*, 452 F.2d 221 (5th Cir.1971).

Similarly, in *Kemp v. Dayton Tire and Rubber Company*, 435 F.Supp. 1062, 1063 (W.D.Okl.1977), the court considered a terminated employee's claim for actual and punitive damages against the employer who allegedly dismissed him for filing a workmen's compensation claim.

Relying on Fernandez, the court concluded that the Oklahoma statute prohibiting discriminatory treatment of an employee who has filed a workmen's compensation claim was *itself* part of the State's Workmen's Compensation Laws. Removal to federal court, therefore, under this statute was impermissible under 28 U.S.C. § 1445(c). Remanding to the State court, the District Court held:

Where there is any substantial doubt concerning jurisdiction of the federal court on removal, the case should be remanded and jurisdiction should be retained only where it is clear. *Shamrock Oil & Gas Co. v. Sheets*, 313 U.S. 100 [61 S.Ct. 868, 85 L.Ed. 1214] (1941)....

As noted above, defendant argues that even if the statutory claim be non-removable it is coupled in this case with a non-statutory claim seeking punitive damages for alleged malicious acts. Instructive in this regard is *Gamble v. Central of Georgia Railway Co.*, 486 F.2d 781 (5th Cir.1973), dealing with the nonremovability of FELA cases under 28 U.S.C. § 1445(a). Though the legislative history relied upon by the Fifth Circuit in Gamble relates exclusively to FELA, the statutory arrangement whereby the non-removability of workmen's compensation is part of § 1445 as subsection (c) gives strong support to the view that § 1445(c) should be considered *in pari materia* to § 1445(a).

The Fifth Circuit in Gamble went on to address the question of whether the provisions of 28 U.S.C. § 1441(c) [1] permit removal of FELA actions otherwise non-removable under 28 U.S.C. § 1445(a). The Court concluded that once an FELA case is filed in State court, no matter that other claims be asserted (in Gamble it was a third-party impleader), so long as the State court action includes a nonremovable claim under § 1445, either the entire matter has to be remanded or at least the FELA suit remanded and the non-FELA claim severed and retained. Id. at 785. To the same effect is *Crews v. Seaboard Coast Line Railroad Company*, 413 F.Supp. 679 (M.D. Fla.1976).

Defendant stresses the provision of 28 U.S.C. § 1441(c) permitting the removal of an entire case when it contains a "separate and independent claim or cause of action" which is otherwise removable. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951) discussed the meaning of the phrase "separate and independent claim or cause of action" as contained in § 1441(c). In this connection, the Supreme Court said:

[W]e conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocking series of transactions, there is no separate

---

**1.** Title 28 U.S.C. § 1441(c) provides:

Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

and independent claim or cause of action under § 1441(c).

In *Finn* plaintiff sued insurance company A, on a certain set of facts; on the same and related facts he sued insurance company B; and on the same and related facts he sued both insurance companies and one of their agents. Nevertheless, the Supreme Court said that there was but one claim or cause of action. The Court also noted that in adopting § 1441(c) Congress was attempting to limit removal, not to expand it. The Court stated, at page 16, 71 S.Ct. at page 541, that the intent of Congress to restrict the right of removal led the Court to conclude that separate and independent causes were not stated in that case.

*Beasley v. Union Pacific Railway Co.,* 497 F.Supp. 213 (D.Neb.1980) cited by defendant for its explanation of "separate and independent claim or cause of action" under § 1441(c) may contain appropriate analysis of the law within its context, but it does not deal with a § 1445 claim or cause of action. Accordingly it is not persuasive in this case. *Reiken v. Nationwide Leisure Corporation,* 458 F.Supp. 179 (S.D.N. Y.1978), cited by the parties, is of no help in deciding this case.

The Court concludes that the case must be remanded under the provisions of 28 U.S.C. § 1445(c). The Court believes, with the Fifth Circuit, that § 1441(c) is simply inapplicable to § 1445 cases. But even if it were applicable, the Court does not believe that the allegations of maliciousness nor the prayer for punitive damages states a § 1441(c) "separate and independent claim or cause of action." Accordingly remand should be granted.

Further, it should be noted that defendant in his removal petition, does not negate the existence of a principal place of business for defendant corporation in Virginia and plaintiff specifically alleges in his bill of complaint that defendant has a principal place of business in Virginia. This circumstance also suggests remand. 28 U.S.C. § 1441(b), 28 U.S.C. § 1332(c). See also *Wells v. Celanese Corp. of America,*

239 F.Supp. 602 (E.D.Tenn.1964); but see, *Powell v. Sterling Drugs, Inc.,* 455 F.Supp. 369 (E.D.Mich.1978).

It is ORDERED that this action be forthwith REMANDED to the Circuit Court of the City of Richmond, Division II, at defendant's cost.