**Ramon CAMACHO**

v.

**COVE TRADER, INC. and Cove Shipping, Inc.**

Civ. A. No. 85–1816.

United States District Court, E.D. Pennsylvania.

July 15, 1985.

Simon W. Tache, Philadelphia, Pa., for plaintiff.

A. Robert Degen, Philadelphia, Pa., for defendants.

OPINION

LUONGO, Chief Judge.

Plaintiff Ramon Camacho is a seaman who was discharged from service aboard the SS "Cove Trader," a ship owned and operated by defendants. He brought this action in the Philadelphia County Court of Common Pleas, alleging that he had been wrongfully deprived of wages. Defendants, invoking the diversity jurisdiction of the federal courts, 28 U.S.C. § 1332, removed the action to this court under 28 U.S.C. § 1441. Presently before me are plaintiff's motion to remand the case to state court and defendants' motion to amend their removal petition. In addition,

the parties have moved for imposition of sanctions under Fed.R.Civ.P. 11. For the reasons stated below, I will deny plaintiff's motion to remand and grant defendants' motion to amend. I disposed of the parties' motions for sanctions at time of oral argument, and will make no further comment concerning those motions at this time.

■ Under 28 U.S.C. § 1333, the district courts have original and exclusive jurisdiction of civil admiralty or maritime cases, "saving to suitors in all cases all other remedies to which they are otherwise entitled." As the parties recognize, this action was properly brought in state court pursuant to the "saving to suitors" clause of § 1333(1). *See Leon v. Galceran,* 78 U.S. 185, 20 L.Ed. 74 (1871); 1 Benedict on Admiralty § 123 at 8–9 (7th ed. 1985). The question raised by plaintiff's motion to remand is whether an action brought in state court pursuant to this provision can be removed to federal court on grounds of diversity of citizenship.

In support of his motion to remand, plaintiff contends that a maritime claim of which a state court has concurrent jurisdiction cannot be removed to federal court. In *Romero v. International Terminal Operating Co.,* 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959), the United States Supreme Court held that a maritime claim properly brought in state court cannot be removed solely on the basis of the federal admiralty and maritime jurisdiction provided for in § 1333. Defendants, however, seek to remove this action not on the basis of § 1333, but on the basis of diversity of citizenship. *Romero* does not preclude removal of a maritime case where there is an independent basis for federal jurisdiction, such as diversity. *See id.* at 363, 377, 79 S.Ct. at 475, 482. The Court of Appeals for the Fifth Circuit, recognizing the removability of maritime actions on diversity grounds, has stated:

> The "saving to suitors" clause does no more than preserve the right of maritime suitors to pursue nonmaritime *remedies.* It does not guarantee them a nonfederal *forum,* or limit the right of defendants to remove such actions to federal court where there exists some basis for federal jurisdiction other than admiralty.

*Poirrier v. Nicklos Drilling Co.,* 648 F.2d 1063, 1066 (5th Cir.1981).

The federal courts have consistently held that federal diversity jurisdiction can be invoked in maritime cases. *Continental Casualty Co. v. Canadian Universal Insurance Co.,* 605 F.2d 1340, 1344 (5th Cir. 1979), *cert. denied,* 445 U.S. 929, 100 S.Ct. 1317, 63 L.Ed.2d 762 (1980); *Pryor v. American President Lines,* 520 F.2d 974, 976–77 (4th Cir.1975), *cert. denied,* 423 U.S. 1055, 96 S.Ct. 787, 46 L.Ed.2d 644 (1976); *Jordine v. Walling,* 185 F.2d 662, 667 (3d Cir.1950); *Metropolitan Dade County v. One (1) Bronze Cannon,* 537 F.Supp. 923, 927 (S.D.Fla.1982); *Pacific Far East Line, Inc. v. Ogden Corp.,* 425 F.Supp. 1239, 1242–43 (N.D.Cal.1977); *Eastern Steel & Metal Co. v. Hartford Fire Insurance Co.,* 376 F.Supp. 763, 765 (D.Conn.1974); *Monarch Industrial Corp. v. American Motorists Insurance Co.,* 276 F.Supp. 972, 978 (S.D.N.Y.1967). *See also* 1A J. Moore, Moore's Federal Practice ¶ 0.167[3.–3] at 469 (2d ed. 1985). Even the cases cited in plaintiff's memorandum of law expressly support the proposition that maritime cases can be removed to federal court on diversity grounds. *See J.J. Ryan & Sons, Inc. v. Continental Insurance Co.,* 369 F.Supp. 692, 695–97 (D.S.C.1974); *Hill v. United Fruit Co.,* 149 F.Supp. 470, 472 (S.D.Cal. 1957).

■ In further support of his motion to remand, plaintiff contends that defendants' removal petition is fatally defective. The petition alleges that each defendant is a New York corporation with its principal place of business in New York, but fails to set forth plaintiff's citizenship. The allegation that plaintiff is a *resident* of Pennsylvania does not meet the jurisdictional requirement of 28 U.S.C. § 1332(a). *See, e.g., Guerrino v. Ohio Casualty Insurance Co.,* 423 F.2d 419, 421 (3d Cir.1970). Defendants seek leave to amend the removal petition to allege that plaintiff is a citizen of Pennsylvania.

Because the 30-day filing deadline has expired,[1] defendants may amend their removal petition under 28 U.S.C. § 1653[2] only to cure technical defects and faulty allegations, not to supply missing allegations. *See D.J. McDuffie, Inc. v. Old Reliable Fire Insurance Co.*, 608 F.2d 145, 146–47 (5th Cir.1979), *cert. denied*, 449 U.S. 830, 101 S.Ct. 97, 66 L.Ed.2d 35 (1980); *Harper v. National Flood Insurers Association*, 494 F.Supp. 234, 236 (M.D.Pa. 1980). I agree with defendants that the error in their petition is, in the context of the petition as a whole, a technical defect. The removal petition clearly states that defendants were seeking removal on the basis of diversity of citizenship. Defendants now seek only to allege more specifically the plaintiff's citizenship, not to set forth a ground for federal jurisdiction that was missing in the original petition.

The cases cited in plaintiff's memoranda do not persuade me that leave to amend should be denied. Plaintiff cites *Yarbrough v. Blake*, 212 F.Supp. 133, 137 (W.D.Ark.1962), and *Thompson v. Gillen*, 491 F.Supp. 24, 27–29 (E.D.Va.1980), for the proposition that a defendant should not be permitted to amend a removal petition which alleges the parties' residence rather than their citizenship. In both cases, however, a jurisdictional allegation was entirely absent, since the petitions did not state that removal was based upon diversity of citizenship.

Plaintiff has also cited authority supporting a more restrictive view of the right to amend a removal petition. *See Van Horn v. Western Electric Co.*, 424 F.Supp. 920 (E.D.Mich.1977). Although I recognize that the federal courts have only limited jurisdiction on removal, I will not adopt a view which, in the words of the Tenth Circuit Court of Appeals, is

> too grudging with reference to the controlling statute, [28 U.S.C. § 1653], too

prone to equate imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts.

．　．　．　．　．

> ... Without questioning that removal requirements should be strictly applied, the statute authorizing correction of defects by amendment to conform to the true facts should not be dissipated in the process, but should be given practical effect in accordance with its apparent intent.

*Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 301–02 (10th Cir.1968) (footnotes omitted). *See also Kinney v. Columbia Savings & Loan Association*, 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103 (1903); *Armada Coal Export, Inc. v. Interbulk, Ltd.*, 726 F.2d 1566, 1568 (11th Cir.1984); *D.J. McDuffie, Inc. v. Old Reliable Fire Insurance Co.*, 608 F.2d 145, 146–47 (5th Cir.1979), *cert. denied*, 449 U.S. 830, 101 S.Ct. 97, 66 L.Ed.2d 35 (1980); *Kingman v. Sears, Roebuck & Co.*, 526 F.Supp. 1182, 1185–86 (D.Me.1981); *Harper v. National Flood Insurers Association*, 494 F.Supp. 234, 235–36 (M.D.Pa.1980); *Board of Education v. Travelers Indemnity Co.*, 486 F.Supp. 129, 130 (D.Md.1980); *Powell v. Sterling Drugs, Inc.*, 455 F.Supp. 369, 370 (E.D.Mich.1978); *McGuigan v. Roberts*, 170 F.Supp. 372, 373–74 (S.D.N.Y.1959).

A footnote in *Perks v. Firestone Tire & Rubber Co.*, 611 F.2d 1363 (3d Cir.1979), gives some indication that the Third Circuit would approve the *Hendrix* approach. In *Perks*, the court upheld the sufficiency of a removal petition which stated only that plaintiff and defendant were "citizens of different states." Because the complaint set forth facts which established diversity of citizenship, the court held that the peti-

---

**1.** Under 28 U.S.C. § 1446(b), a petition for removal must be filed within 30 days after the defendant receives a copy of the initial pleading setting forth a claim for relief. Plaintiff's complaint was served upon the instant defendants in early March of 1985.

**2.** Section 1653 provides: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

tion need not be amended. The court clearly implied, however, that amendment would be permissible under 28 U.S.C. § 1653. *Id.* at 1366 n. 8 (citing *Wymard v. McCloskey & Co.*, 342 F.2d 495 (3d Cir.), *cert. denied*, 382 U.S. 823, 86 S.Ct. 52, 15 L.Ed.2d 68 (1965)).

Defendants' removal petition clearly states that it is based upon diversity of citizenship. Plaintiff has not suggested that diversity is absent, nor that he would be prejudiced if the petition is amended. I will grant defendants leave to amend their petition for removal.

### ORDER

This 15th day of July, 1985, it is

ORDERED that:

1. Plaintiff's Motion to Remand is DENIED;

2. Defendants' Motion for Leave of Court to Amend Petition for Removal is GRANTED; and

3. The parties' Motions for Sanctions are DENIED.