**Willis Kevin DUNN, Plaintiff,**

v.

**BERGEN BRUNSWIG DRUG COMPANY, Defendant.**

Civ. A. No. 2:93cv1127.

United States District Court, E.D. Virginia, Norfolk Division.

April 13, 1994.

Michael Ruxton Strong, Strong and Associates, P.C., Chesapeake, VA, for plaintiff.

Gerard Joseph Roerty, Jr., Samuel Morton Brock, III, and Daryl Eugene Webb, Jr., Mays & Valentine, Richmond, VA, for defendants.

## MEMORANDUM OPINION AND ORDER

MILLER, United States Magistrate Judge.

This matter comes before the Court on defendant's Motion to Strike Plaintiff's Punitive Damages Claim and Demand for a Jury Trial. On November 16, 1993, plaintiff Willis Kevin Dunn filed a complaint against Bergen Brunswig Drug Company ("Bergen Brunswig") in the Eastern District of Virginia, Norfolk Division. In Count I, plaintiff alleged a supplemental state claim of retaliatory discharge under Code of Virginia § 65.2–308. In Count II, plaintiff alleged a wrongful denial of plaintiff's disability benefits under Bergen Brunswig's group disability benefit program. In Count III, plaintiff alleged that

Bergen Brunswig wrongfully withheld vacation pay from plaintiff.

On January 10, 1994, defendant filed a Motion to Dismiss or, in the Alternative, for Summary Judgment. Also on January 10, 1994, defendant filed a Motion to Strike Plaintiff's Punitive Damages Claim and Demand for a Jury Trial. On January 31, 1994, plaintiff filed a Motion to Amend and to Add Parties desiring to include Bergen Brunswig Drug Corporation, which is the employee benefits plan administrator, and trustees of the vacation benefit fund. By Order of February 16, 1994, the Motion to Dismiss or, in the Alternative, for Summary Judgment was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and the defendant's Motion to Strike Plaintiff's Punitive Damages Claim and Demand for a Jury Trial was referred to the undersigned to hear and determine the issues pursuant to 28 U.S.C. § 636(b)(1)(A). The undersigned heard oral arguments on these motions on February 16, 1994.

## I. DISCUSSION

### 1. Plaintiff's Motion to Amend and Defendant's Motion to Dismiss

At oral argument, defendant did not object to plaintiff's Motion to Amend. Pursuant to Federal Rule of Civil Procedure 15, this Court ORDERED that plaintiff's Motion to Amend be GRANTED and that plaintiff file the amended complaint with this Court.[1] Based on the Court's ruling, defendant conceded that its Motion to Dismiss Counts II and III was moot since defendant had argued that plaintiff failed to include a necessary party, Bergen Brunswig Drug Corporation. The amended complaint includes Bergen Brunswig Drug Corporation as a defendant. The Court agrees that defendant's motion to dismiss is moot.

### 2. Motion to Strike

In his Complaint, plaintiff asked for punitive damages and a trial by jury for his claim in Count I. This claim arises under Code of

---

1. The Court notes that on March 15, 1994, plaintiff filed with this Court a Notice of Lawsuit and Request for Waiver of Summons sent to Michael Fipps, Trustee, Bergen Brunswig Corporation; Neil Dimmick, Trustee, Bergen Brunswig Corporation; UNUM Life Insurance Company; Northwestern Mutual Life Insurance Company; and agents of Bergen Brunswig Corporation.

Virginia § 65.2–308, a provision in the Workers' Compensation Act. This provision states:

**Discharge of employee for exercising rights prohibited; civil actions; relief—**
A. No employer or person shall discharge an employee solely because the employee intends to file or has filed a claim under this title or has testified or is about to testify in any proceeding under this title. The discharge of a person who has filed a fraudulent claim ·is not a violation of this section.
B. The employee may bring an action in a circuit court having jurisdiction over the employer or person who allegedly discharged the employee in violation of this section. The court shall have jurisdiction, for cause shown, to restrain violations and order appropriate relief, including actual damages and attorney's fees to successful claimants and the rehiring or reinstatement of the employee, with back pay plus interest at the judgment rate as provided in § 6.1–330.54.

### A. *Punitive Damages*

Defendant argued that under a strict interpretation of section 65.2–308 punitive damages should not be allowed. Defendant pointed to the language of this section emphasizing that the "court shall have jurisdiction" only "for cause shown." Defendant argued that this language suggests that the relief available is an equitable remedy to which no punitive damages may attach. Defendant further argued that a retaliatory discharge cause of action was an equitable action at common law. At oral argument, defendant relied on *Thurston v. Macke*, 716 F.2d 255 (4th Cir.1983), for the proposition that the common law in Virginia follows the employment at-will doctrine and that there is no implied cause of action for retaliatory discharge under the Workers' Compensation Act.

In addition, defendant contended that the relief contemplated in the statute was limited to "actual damages," which is the wording used in the statute. Defendant argued that actual damages encompassed compensatory damages or damages which compensate the plaintiff for losses suffered or sustained, but did not include punitive damages which are damages awarded to punish a wrongdoer. *Defendant's Memorandum in Support,* p. 5. Defendant relied on *Buie v. Daniel Intl. Corp.,* 56 N.C.App. 445, 289 S.E.2d 118 (1982), a North Carolina case, for the proposition that the statute forbidding retaliatory discharge was limited to damages suffered and not punitive damages. *Defendant's Memorandum in Support,* p. 5.

Defendant also argued that the legislative history of the Workers' Compensation Act shows that punitive damages is not relief available under section 65.2–308. Defendant stated that the original version of the bill for this section included a provision for recovery of punitive damages whereas the final version of the bill did not include the. provision. Defendant contended that the legislature therefore did not intend to allow for punitive damages. *Defendant's Memorandum in Support,* p. 6.

Plaintiff responded that the plain meaning of the statute allows for punitive damages. At oral argument, plaintiff argued that "actual damages" encompasses punitive damages, and if the legislature had intended that "actual damages" be limited to compensatory damages then it would have used the words "compensatory damages" in the statute. Plaintiff also argued that an action for retaliatory discharge was a common law action. Plaintiff therefore reasoned that since as a general rule punitive damages are recoverable in common law actions it follows that such damages are recoverable in the present case. *Plaintiff's Response Brief,* p. 8:

 Both parties ·agree that determining whether punitive damages are recoverable under section 65.2–308 is a case of first impression for the Fourth Circuit. Indeed, there has been only one case in the Fourth Circuit that has referred to the issue of recovering punitive damages under section 65.1–40.1, the statutory predecessor to section 65.2–308. The court in *Green v. Hajoca Corp.,* 573 F.Supp. 1120 (E.D.Va.1983), did not have to address the merits of this issue. In *Green,* plaintiff filed a statutory claim for retaliatory discharge and a "claim for com-

pensatory and punitive damages under a common law right not to be subject to tortious and wrongful discharge consequent to defendant's malice against plaintiff." *Id.* at 1121. Defendant argued that plaintiff had to file a non-statutory claim to recover punitive damages since such damages were not recoverable under the Workers' Compensation Act. *Id.* at 1121–22. The district court remanded the case to the state court because the case had been improperly removed. *Id.* at 1123.

Courts in other jurisdictions have allowed recovery of punitive damages for retaliatory discharge. These courts allowed relief based on a retaliatory discharge tort theory derived from a breach of an implied covenant of good faith and fair dealing. *See Cancellier v. Federated Dep't Stores,* 672 F.2d 1312 (9th Cir. 1982); *Gates v. Life of Montana Ins. Co.,* 205 Mont. 304, 668 P.2d 213, 215 (1983). These jurisdictions, however, did not have any applicable statute as is the circumstance in Virginia. Although it can be argued that the statutory claim for retaliatory discharge is grounded in tort, the Court concludes that this contention standing alone does not give rise to a remedy of punitive damages. *See Kerns v. Shirley Well Drilling,* 11 Va.Cir. 15, 18 (1986) ("Though the statute provides for equitable relief as well as money damages, its gravamen is essentially founded in tort. The tort is the statutorily created wrongful discharge with a highly peculiar mixture of statutory sanctions against it.").

Courts in other jurisdictions have had to consider whether to award punitive damages in cases of first impression involving retaliatory discharge. These courts held that the employer had to have been on notice of the wrongful conduct. *See Brown v. Transcon Lines,* 284 Or. 597, 588 P.2d 1087 (1978). In order to determine whether a statute prohibiting retaliatory discharge provides this requisite notice, the Court for guidance looked to two other statutory provisions which establish a cause of action for wrongful or retaliatory discharge. Code of Virginia §§ 51.01–41 and 51.10–46, prohibiting employment discrimination against persons with disabilities, explicitly state that no punitive damages shall be awarded. Code of Virginia

§§ 40.1–51.2:1 and 40.1–51.2:2, prohibiting discharge for a person filing a health or safety complaint, do not mention any punitive damages as a remedy. The inconsistent treatment of punitive damages by the legislature indicates that a statutory provision prohibiting retaliatory discharge is not enough to establish a remedy of punitive damages.

Finally, as will be discussed in the next section, retaliatory discharge is not a common law cause of action in Virginia. Therefore, the Court concludes that retaliatory discharge does not give rise to a punitive damages remedy.

### 2. *Request for a Jury Trial*

Defendant relied on *Gray v. Best Repair Co.,* 27 Va.Cir. 454, 458 (1982), for the proposition that section 65.2–308 does not establish a civil cause of action for a retaliatory discharge but only equitable relief for the plaintiff. Defendant argued that no right to a jury trial should attach since there was no common law cause of action. *Defendant's Brief in Support,* p. 3. In addition, defendant argued that the language of the statute shows that the court, not a jury, is the fact finder as the statute states that the "*court* shall have jurisdiction, for cause shown, to restrain violations and order appropriate relief...." *Defendant's Brief in Support,* p. 3 (emphasis added).

Defendant relied on *Cauley v. Smith,* 347 F.Supp. 114 (E.D.Va.1972), and *Robinson v. Lorillard Corp.,* 444 F.2d 791 (4th Cir.1971), to argue that since the statute provides for mostly equitable relief, a right to a jury trial should not attach. Defendant stated that the statute provided for back pay and reinstatement, which are forms of equitable relief. Defendant noted that awarding actual damages is restitution but argued that under *Cauley, supra,* a right to a jury does not attach even though financial restitution is part of the relief. *Defendant's Brief in Support,* p. 4. Defendant continued that a jury is unable to render the injunctive relief of "restraining violations" and "ordering appropriate relief" as provided in the statute so a jury trial should not be given. *Defendant's Brief in Support,* p. 4.

Plaintiff argued that since an action for a retaliatory discharge is a common law action

then the general rule that a right to a jury trial attaches to common law actions is applicable in the present case. To establish that retaliatory discharge is a common law cause of action, plaintiff relies on precedent in Indiana and other states which have recognized an independent tort of retaliatory discharge. Plaintiff urged the Court to follow these jurisdictions in light of Virginia's adoption of public policy exceptions to the employment at-will doctrine which thereby allowed a retaliatory discharge cause of action. *Plaintiff's Response Brief,* pp. 6–7.

■ The Court notes that plaintiff is correct in asserting that the Virginia Supreme Court in recent cases has recognized public policy exceptions to the employment at-will doctrine thereby allowing a retaliatory discharge cause of action. The Court further notes that these same cases, however, have rejected the idea that the common law provided a generalized cause of action in tort for retaliatory discharge. *See Lockhart v. Commonwealth Educational Systems Corp.,* 247 Va. 98, 439 S.E.2d 328 (Va.1994); *Miller v. SEVAMP, Inc.,* 234 Va. 462, 468, 362 S.E.2d 915 (1987); *see also Bowman v. State Bank of Keysville,* 229 Va. 534, 540–41, 331 S.E.2d 797, 801 (1985) (recognizing public policy exception). These cases found that the legislature established a statutory cause of action because of the absence of a common law tort for retaliatory discharge. *See Miller, supra,* at 468, 362 S.E.2d at 918–19. The Court therefore finds that a right to a jury trial does not attach since there is no common law cause of action for retaliatory discharge.

■ In addition, the statutory cause of action provides for equitable relief which a jury cannot award.[2] Unlike the federal Civil Rights Act of 1991 which was amended to include a right to jury trial in wrongful discharge and other employment discrimination cases, *see* 42 U.S.C. § 1981a, the legislature in Virginia has not taken the step to amend section 65.2–308 to include this right to a jury trial. The Court therefore finds that a

cause of action under section 65.2–308 does not give rise to a right to a jury trial.

## II. *CONCLUSION*

For the foregoing reasons, the Court GRANTS plaintiff's Motion to Amend. In light of the Court's ruling, the defendant's Motion to Dismiss is moot. The Court GRANTS defendant's Motion to Strike Plaintiff's Punitive Damages Claim and Demand for a Jury Trial regarding Count I.

---

**2.** The Court notes that it has found a case decided by the Virginia Circuit Court which refers to a jury trial in a retaliatory discharge case under section 65.1–40.1, the predecessor to 65.2–308. In *Rutherford v. Benco, Inc.,* 16 Va.Cir. 237 (1989), the issue was not whether the statute provides for such a jury trial. Rather, the court in *Rutherford* addressed whether a jury instruction dealing with section 65.1–40.1 was proper.