881 F.Supp. 162 (1995)
Anthony ELLERBEE, Plaintiff
v.
UNION ZINC, INC., et al., Defendants.
Civ. A. Nos. CA 94-5589, CA 94-5893.
United States District Court, E.D. Pennsylvania.
March 24, 1995.
*163 Peter M. Patton, Galfand, Berger, Lurie & March, Philadelphia, PA, for plaintiff.
Arnold A. Foley, Marks, O'Neill, Reilly & O'Brien; Edward L. Mc Candless, Jr., Mc Candless & Associates; Samuel J. Pace, Jr., Karen M. Ashdale, Labrum & Doak; and Thomas M. Marrone, Swartz, Campbell & Detweiler, Philadelphia, PA, for defendants.

MEMORANDUM AND ORDER
ANITA B. BRODY, District Judge.
Before me is plaintiff's motion to remand this case to state court pursuant to 28 U.S.C. § 1447(c). Plaintiff's motion alleges that defendants' removal notices contain various procedural defects that warrant remand here. Because I find that most of these alleged defects are nonexistent and that the remaining ones are technical and thus subject to cure by amendment, I will deny plaintiff's motion.

I. PROCEDURAL BACKGROUND
Plaintiff commenced this products liability action by filing a complaint in the Court of Common Pleas of Philadelphia County on August 24, 1994. Defendants were served with the complaint on August 27, 1994. Defendant Old South Freight Service, Inc., ("Old South") filed a timely notice of removal in this Court on September 12, 1994, asserting diversity jurisdiction under 28 U.S.C. §§ 1332(a) & 1441(a). Co-defendants Tennessee Steel Haulers, Inc., ("Tennessee Steel") and Union Zinc, Inc., ("Union Zinc") were not mentioned in that notice as having joined in Old South's removal, but subsequently, each filed separate, timely documents reflecting their intent to do so. Tennessee Steel filed a document styled "Consent to Removal" on September 22, 1994, and Union Zinc filed its own notice of removal on September 27, 1994.
*164 Plaintiff now seeks remand based on the following asserted defects in defendants' removal papers: (A) none of defendants' removal submissions states that it is joined by the remaining defendants, nor does any submission explain the remaining defendants' absence; (B) the notices filed by Old South and Union Zinc do not articulate facts establishing the parties' diverse citizenship as of the time of removal; and (C) Old South's notice and Tennessee Steel's consent fail to allege that they are timely. These contentions, which I address seriatim, are either without merit or warrant amendment rather than remand.

II. DISCUSSION

A. Joinder of All Defendants in Removal

Plaintiff does not dispute that all defendants in fact consented to removal of this action within 30 days of service of his complaint, as required by 28 U.S.C. § 1446. Rather, he contends that the procedure was improper because the notice or consent of each defendant did not manifest the joinder of the remaining defendants or affirmatively explain such defendants' absence. It is well settled, however, that while all defendants must join in the removal attempt, they need not all execute the same notice of removal document. See Ogletree v. Barnes, 851 F.Supp. 184, 188 (E.D.Pa.1994), reconsideration denied, No. 94 Civ. 1278, 1994 WL 193885 (May 18, 1994); Getty Oil Corp. v. Insurance Co. of N. Am., 841 F.2d 1254, 1262 n. 11 (5th Cir.1988); Adams v. Lederle Labs., 569 F.Supp. 234, 243 (W.D.Mo.1983); Colin K. v. Schmidt, 528 F.Supp. 355, 358 (D.R.I. 1981). The "unanimity of consent" rule is satisfied where there is "some timely filed written indication from each defendant, or some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." Ogletree, 851 F.Supp. at 188. Such a written indication constitutes an entry in the record that can "bind the allegedly consenting defendant." Id. (internal quotation omitted).
Here, each defendant, through counsel, filed its own document evincing intent to remove or join in removal of this action. Old South and Union Zinc each filed a notice of removal. Tennessee Steel filed a "Consent to Removal." These filings were timely and would undoubtedly be deemed to bind defendants were defendants to attempt to disclaim them. Thus, I find that all defendants have adequately joined in or consented to removal of this case.[1]

B. Allegations of Diverse Citizenship

Also unpersuasive is plaintiff's argument that remand should be ordered because the notices of Old South and Union Zinc fail to allege facts establishing the parties' diverse citizenship as of the time of removal. Plaintiff is correct that diversity jurisdiction must be alleged both as of the time the complaint was filed and as of the time of removal. E.g., Holly Farms Corp. v. Taylor, 722 F.Supp. 1152, 1156 (D.Del.1989). Nevertheless, in addition to looking at the notice of removal, the court may look to the complaint and other items in the record to find the requisite jurisdictional allegations. See Perks v. Firestone Tire & Rubber Co., 611 F.2d 1363, 1366 n. 11 (3d Cir.1979) (looking to complaint as well as removal petition for diversity allegations); Castner v. Exxon Co., 563 F.Supp. 684, 688 (E.D.Pa.1983) (Pollak, J.) (looking to complaint and removal petition for diversity allegations); Kerstetter v. Ohio Casualty Ins. Co., 496 F.Supp. 1305, 1307 (E.D.Pa.1980) (same). In any event, where, as here, the existence of diversity jurisdiction is not contested and allegations *165 of the parties' diverse citizenship are contained in other documents in the record, the court may deem "technical" pleading deficiencies in the removal notice's jurisdictional allegations and may allow the removing party to cure them by amendment. See Stellwagen v. Chemlawn Servs. Corp., No. 92 Civ. 6437, 1993 WL 9025, at *2 (E.D.Pa. Jan. 11, 1993) (allowing curative amendment to jurisdictional allegations in notice of removal where plaintiff "[did] not deny that diversity exist[ed]."). Accord Camacho v. Cove Trader, Inc., 612 F.Supp. 1190, 1192-93 (E.D.Pa. 1985); Moser v. Bostitch Div. of Textron, Inc., 609 F.Supp. 917, 919 (E.D.Pa.1985); Knowles v. American Tempering Inc., 629 F.Supp. 832, 835 n. 1 (E.D.Pa.1985); Holly Farms Corp., 722 F.Supp. at 1156-57; Northern Ill. Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 273-74 (7th Cir.1982); Hendrix v. New Amsterdam Casualty Co., 390 F.2d 299, 300-01 (10th Cir.1968).
The record here convinces me that diversity jurisdiction was adequately alleged as of the time the complaint was filed and as of the time of removal. In any event, there is no dispute that diversity jurisdiction existed at both such points, and thus, even if the defendants' allegations are technically deficient, amendment, rather than remand, is appropriate here.
Old South's notice, in relevant part, reads as follows:
2. In his Complaint, plaintiff alleges that he is a citizen of the State of New Jersey. Defendant therefore believes and alleges that plaintiff is a citizen of the State of New Jersey.
3. According to the Complaint, and in fact, the defendants are all citizens of the State of Tennessee.
Old South's Notice of Removal ¶¶ 2-3. Plaintiff characterizes Old South's allegations of defendants' citizenship as "conclusory." A fair reading of paragraph 3, however, would incorporate into that paragraph the allegations of plaintiff's complaint, which, in turn, plead the necessary facts to establish defendants' citizenship. See Compl. ¶¶ 2-4 (alleging that each defendant is "a Tennessee corporation with its principal place of business in" Tennessee). Moreover, the Third Circuit has deemed sufficient for purposes of removal almost the precise combination present here: a complaint that alleged facts supporting diversity of citizenship and a removal petition that averred that the parties were "citizens of different states." Perks, 611 F.2d at 1366 n. 11. Paragraph 3 of Old South's notice, furthermore, carries the complaint's jurisdictional allegations forward to the time of removal, averring that defendants "are" citizens of Tennessee. Old South's Notice of Removal ¶ 3. Thus, Old South's notice adequately invokes diversity jurisdiction.
Nor does Union Zinc's notice of removal warrant remand here. The jurisdictional allegations in Union Zinc's notice read as follows:
2. [Plaintiff's complaint] avers that [p]laintiff is a resident of New Jersey. Defendant, Union Zinc, Inc., was incorporated in Maryland and is located in Tennessee. Co-defendants Tennessee Steel Haulers, Inc., and Old South Freight Service, Inc., are corporations located in Tennessee....
3. [Union Zinc] was, at the time this action was commenced, and is at the present time, a corporation under the laws of the State of Maryland.
4. Plaintiff was at the time this action was commenced, and is at the present time, an individual residing in Pennsauken, New Jersey.
Union Zinc's Notice of Removal ¶¶ 2-4. Plaintiff contends that these allegations are insufficient because they fail to allege: Union Zinc's principal place of business; Old South's and Tennessee Steel's place of incorporation or principal place of business; and plaintiff's citizenship as of the time of removal. But regardless of any deficiencies in Union Zinc's jurisdictional allegations, Union Zinc's notice was filed after Old South's notice and undeniably manifests Union Zinc's intent to remove this action to federal court. Thus, it is, at the very least, a consent to Old South's adequate and more artfully phrased notice, and I construe it as such. Cf. Ogletree v. Barnes, 851 F.Supp. at 188 (even informal letter to court can serve as notice of joinder in removal notice). As a consent to *166 another defendant's proper notice, it becomes sufficient in its own right. Id.
Nevertheless, I do not rest my decision solely on the sufficiency of Old South's diversity allegations and on the adequacy of Union Zinc's notice as a consent to Old South's removal. For even if Old South's and Union Zinc's allegations are deficient, they are only technically so. Diversity jurisdiction exists here, and plaintiff does not contest that. Moreover, as noted above, the complaint and Old South's notice collectively plead all the allegations necessary to sustain diversity jurisdiction for purposes of removal.[2] Thus, because any defects asserted here are technical, Old South and Union Zinc will be granted leave to amend their respective jurisdictional allegations to comport with the procedural requirements raised by plaintiff. Stellwagen, 1993 WL 9025, at *2.[3]

C. Allegations of Timeliness

Finally, plaintiff asserts that Old South's notice and Tennessee Steel's consent are each defective with respect to allegations of timeliness. Specifically, plaintiff argues that Old South's notice fails to allege that it was timely and that Tennessee Steel's consent, lacking any indication of the date of service, is deficient for the same reason. As with jurisdictional allegations, the "whole record brought forward on removal should be examined" to determine the timeliness of a removal notice. Cook v. Robinson, 612 F.Supp. 187, 189-90 (E.D.Va.1985) (internal quotations omitted). Here, the docket sheet in this case notes that Old South's notice was filed in this Court on September 12, 1994. E.D.Pa. Case No. 94 Civ. 5589, Docket Entry 1. Additionally, the certificate of service filed with Old South's removal notice states that service of that notice was effected "on all parties or their attorney of record" by first class mail and is dated September 12, 1994. September 12, 1994, of course, is well within thirty days from the August 29, 1994, service of the complaint on Old South. Thus, because the record here establishes that Old South's removal notice was in fact timely, I find that its removal papers adequately plead timeliness. Cf. Cook, 612 F.Supp. at 190 (observing that items in record such as process originally served on defendants could have furnished "an independent means of determining whether the petition for removal was timely filed.").
Equally unavailing is plaintiff's contention that Tennessee Steel's consent lacks *167 any indication of its date of service and thus fails to allege timeliness. The relevant statutory provision requires filing, not service, within the allowed 30-day period. 28 U.S.C. § 1446(b). "Filing" is executed by submission of the document to the court, either through the clerk's office or, where permitted, directly to the presiding judge. See Fed.R.Civ.P. 5(e) (defining "filing"); Somilyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1046 (2d Cir.1991) ("Rule 5(e) answers the `who' and `where' of the filing inquiry" for purposes of the removal statute). Tennessee Steel has submitted a copy of its consent stamped "Filed September 22, 1994," by the clerk's office. That date is within the required thirty days from the August 29, 1994, service of the complaint. Accordingly, the record here allows me to determine that Tennessee Steel's consent adequately alleges timeliness, and I so find. See Scialo v. Scala Packing Co., Inc., 821 F.Supp. 1276, 1277 n. 2 (N.D.Ill.1993) (finding removal notice timely based on court clerk's date stamp).

III. CONCLUSION
Defendants' removal papers are sufficient to withstand plaintiff's attempts at remand. Collectively, those papers adequately establish that all defendants consent in removal of this action to federal court. I am also satisfied that Old South's notice alleges facts supporting diversity jurisdiction in this case and that Union Zinc's notice should effectively be construed as a consent to Old South's notice. In any event, I deem any defects in Old South's and Union Zinc's papers technical, and I will allow Old South and Union Zinc to cure them by amendment. Finally, I find sufficient the indications of timeliness in Old South's notice and Tennessee Steel's consent. Accordingly, plaintiff's motion to remand is DENIED, and defendants are granted permission to amend their removal papers consistent with the terms of this Memorandum and Order.
IT IS SO ORDERED.
NOTES
[1] Plaintiff cites Romashko v. Avco Corp., 553 F.Supp. 391 (N.D.Ill.1983), as authority that forecloses any examination into co-defendants' consent where the removing defendant does not affirmatively explain their absence from the removal notice. Romashko, however, involved the possible application of one of the exceptions to the "unanimity of consent" rule, such as where the absent defendant was nominal or fraudulently joined or had not yet been served at the time the removal notice was filed. Id. Because defendants here seek not to avail themselves of any such exception but rather maintain that they all in fact consented to the removal, Romashko is inapposite. Moreover, at least one court has rejected Romashko as "providing little analysis and ... little guidance," and has thus found it to be "limited in value." Livaccari v. Zack's Famous Frozen Yogurt, No. 92 Civ. 1836, 1992 WL 178734, at *3 n. 8 (E.D.La. July 21, 1992).
[2] In this regard, I also consider Union Zinc's notice insofar as it supplements or modifies allegations contained in Old South's notice. Thus, I assume Union Zinc to be a citizen of both Maryland and Tennessee because Union Zinc's notice corrects Old South's notice and identifies Union Zinc's state of incorporation as Maryland rather than Tennessee. Union Zinc's Notice of Removal ¶ 3.
[3] Citing Barnhill v. Insurance Co. of N. Am., 130 F.R.D. 46 (D.S.C.1990), and Van Horn v. Western Elec. Co., 424 F.Supp. 920 (E.D.Mich.1977), plaintiff contends that courts have not liberally allowed amendment of defective jurisdictional allegations. I decline to follow the parsimonious view these cases espouse, and I believe the Third Circuit would as well. See Camacho v. Cove Trader, Inc., 612 F.Supp. 1190, 1192-93 (E.D.Pa. 1985) (declining to follow Van Horn, and drawing support for that position from Perks v. Firestone Tire & Rubber Co., 611 F.2d 1363, 1366 n. 8 (3d Cir.1979), which suggests that Third Circuit would approve approach that allowed amendment of jurisdictional allegations). As aptly noted in Camacho, the grudging view proposed by plaintiff "would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to the federal courts." Camacho, 612 F.Supp. at 1192 (quoting Hendrix v. New Amsterdam Casualty Co., 390 F.2d 299, 301-02 (10th Cir.1968)).

In any event, plaintiff's authorities are distinguishable here and thus inapposite. As is clear from the facts of those cases, the missing jurisdictional allegation there, the corporate defendant's state of incorporation or principal place of business, was, unlike the relevant allegations here, entirely absent from any document in the record, including the complaint. See Barnhill, 130 F.R.D. at 49 ("In short, neither the complaint, the notice of removal, nor any other material in the record alleges [defendant's] state of incorporation."); Van Horn, 424 F.Supp. at 922-23 (complaint as well as notice of removal failed to plead principal place of business). Indeed, each of plaintiff's cases recognizes the very possibility of amendment to "cure technical defects or to amplify the allegations of the petition." Van Horn, 424 F.Supp. at 924; Barnhill, 130 F.R.D. at 51 ("[T]he overwhelming majority of courts allow amendment ... for the purpose of setting forth more specifically each ground for removal which had been imperfectly set forth in the original petition") (emphasis in original).