Present:  All the Justices

THERESA A. MULLINS

v.  Record No. 960961    OPINION BY JUSTICE BARBARA MILANO KEENAN
                                        January 10, 1997
VIRGINIA LUTHERAN HOMES, INC.

FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
Clifford R. Weckstein, Judge


In this appeal, we consider whether the trial court erred in striking the plaintiff's evidence in an action alleging that she was unlawfully discharged from her employment for filing a workers' compensation claim.

Theresa A. Mullins filed a motion for judgment against her former employer, Virginia Lutheran Homes, Inc. (the employer). She alleged under Code § 65.2-308[1] that the employer discharged her because she had filed a claim under the Virginia Workers' Compensation Act.  Code §§ 65.2-100 to -1310.

In a jury trial, the evidence showed that Mullins was hired

_____

[1]Code § 65.2-308 provides, in relevant part:

A.  No employer or person shall discharge an employee solely because the employee intends to file or has filed a claim under this title or has testified or is about to testify in any proceeding under this title.

. . .

B.  The employee may bring an action in a circuit court having jurisdiction over the employer or person who allegedly discharged the employee in violation of this section.  The court shall have jurisdiction, for cause shown, to restrain violations and order appropriate relief, including actual damages and attorney's fees to successful claimants and the rehiring or reinstatement of the employee, with back pay plus interest at the judgment rate as provided in § 6.1-330.54.

in February 1993 as a certified nursing assistant at Brandon Oaks Retirement Home, a facility owned by the employer.  Her daily duties included helping the residents bathe, dress, and eat.

Mullins testified that on September 5, 1993, she entered the room of an elderly woman, who was attempting to hold onto the bathroom sink to keep from falling.  Mullins injured her left hand in the process of grabbing hold of the woman.  Mullins' supervisor, Louise Hill, told her to place ice on her hand and complete her shift before seeking medical attention.  After she finished her shift, Mullins went to a hospital emergency room where a doctor placed a metal splint on her hand and referred her to an orthopedist.

Mullins testified that she reported to work two days later and showed Hill her splint.  According to Mullins, Hill asked, "Why didn't you just let her fall instead of getting hurt?"  Mullins also testified that Rob Bianco, Brandon Oaks' administrator, asked her if she "made it a habit of catching people falling."

On October 3, 1993, an orthopedist diagnosed Mullins' injury as a hyperextension of her left thumb, and ordered her to stop all work that required use of her left hand.  Mullins testified that when she informed Hill of her orthopedist's instruction that she perform only light-duty work, Hill stated that there were no such positions available at that time.

Based on her orthopedist's instruction and the fact that

Brandon Oaks had no light duty positions available, Mullins stopped working at the end of October 1993. The employer paid Mullins for approximately 48 hours of accumulated "sick and holiday pay" for the period from October 28, 1993 to November 5, 1993. The record does not show that the employer made any further wage payments to Mullins.

Mullins filed an application for benefits with the Virginia Workers' Compensation Commission on November 5, 1993. In a letter dated December 2, 1993, the employer advised Mullins that her extended medical leave would expire on December 6, 1993. The letter stated that if Mullins was unable to return to work after this leave expired, her position would be filled by another applicant.

On December 6, 1993, Mullins and her mother, Elizabeth Heppert, met with Louise Hill. Heppert testified that Hill told Mullins that her job was terminated due to her injury. Mullins testified that Hill told her that she was being discharged because her "sick" leave had expired and she was unable to return to work.

About three months later, Mullins received medical authorization to return to work. She testified that she spoke with Hill about returning to Brandon Oaks, but was told that there was no work available for her.

At the conclusion of Mullins' evidence, the trial court granted the employer's motion to strike the evidence on the

unlawful discharge claim. The court stated that it struck the evidence because the jury could only find that the employer violated Code § 65.2-308 "by speculation, by picking and choosing among alternative explanations that the Plaintiff has offered." The court later entered an order dismissing Mullins' unlawful discharge action.

On appeal, Mullins argues that the evidence was sufficient to raise a jury question whether the employer discharged her solely because she filed a workers' compensation claim. Mullins contends that the evidence of the employer's conduct was sufficient to support a finding by the trier of fact that her employment was terminated for this reason.

In response, the employer asserts that Mullins' evidence did not show that she was fired solely because she filed a workers' compensation claim. The employer contends that the evidence showed only that when Mullins had used all her sick leave, she was still unable to return to work. We disagree with the employer.

In reviewing the trial court's decision to strike a plaintiff's evidence, we must consider the evidence, and all reasonable inferences which can be drawn from the evidence, in the light most favorable to the plaintiff. Any reasonable doubt about the sufficiency of the evidence must be resolved in the plaintiff's favor. Waters v. Safeway Stores, Inc., 246 Va. 269, 270, 435 S.E.2d 380, 380 (1993); Artrip v. E.E. Berry Equip. Co.,

240 Va. 354, 357, 397 S.E.2d 821, 823 (1990).

An employer's motivation in discharging an employee is a fact ordinarily established by circumstantial, rather than direct, evidence. In Charlton v. Craddock-Terry Shoe Corp., 235 Va. 485, 369 S.E.2d 175 (1988), we addressed this aspect of proving an unlawful discharge claim under the Virginia Workers' Compensation Act. There, the plaintiff alleged that she was discharged from her employment because she had incurred a job-related injury for which she intended to file a workers' compensation claim. During cross-examination, however, the plaintiff agreed that she was fired because she had refused to sign a waiver of her right to claim compensation benefits.

Based on this testimony, the defendant argued that the plaintiff's evidence showed that she was not fired solely because she intended to file a workers' compensation claim, and that her refusal to sign the waiver constituted a separate reason for her dismissal. The trial court agreed and entered final judgment for the defendant.

We reversed the trial court's judgment, noting that the plaintiff did not know the actual reason for her dismissal. We stated that "[h]er employer's innermost motivation was a matter necessarily outside the realm of her knowledge." Id. at 489, 369 S.E.2d at 177. We concluded that since the plaintiff's testimony, considered in its entirety, presented a question of fact concerning the employer's motivation, the plaintiff was

entitled to have that evidence weighed by the jury together with all the other evidence in the case.  Id. at 489-90, 369 S.E.2d at 177.

These observations apply equally to the present case.  The employer's motivation for discharging Mullins was a question outside the realm of Mullins' knowledge to be resolved by the trier of fact.  See id. at 489, 369 S.E.2d at 177.

The evidence showed that Mullins was discharged about one month after filing her workers' compensation claim.  Heppert testified that Hill told Mullins she was being discharged due to her job-related injury.  In addition, the comments allegedly made by Hill and Bianco are circumstantial evidence that the employer felt that avoiding employee injury claims was more important than providing for the safety of residents in the facility.  Viewed in the light most favorable to Mullins, this evidence was sufficient to raise a question of fact whether Mullins was discharged solely for filing a workers' compensation claim.

The employer's articulated reasons for discharging Mullins, her job-related injury and the expiration of her sick leave, did not constitute "alternative explanations" which would require the jury to speculate before finding that the employer violated Code § 65.2-308.  An employer's articulated reasons for discharging an employee are merely evidence relevant to the issue of the employer's motivation, which the jury is entitled to consider along with all the other evidence of the employer's conduct.

Thus, we conclude that the trial court erred in striking Mullins' evidence.[2]

For these reasons, we will reverse the trial court's judgment and remand this case for a new trial.

<u>Reversed and remanded.</u>

_____

[2]On appeal, the employer argues for the first time that Mullins was not entitled to a jury trial on her claim that she was discharged in violation of Code § 65.2-308.  <u>See</u> <u>Dunn v.</u> <u>Bergen Brunswig Drug Co.</u>, 848 F. Supp. 645, 649 (E.D. Va. 1994).  Based on this argument, the employer contends that we should treat the trial court's ruling on the motion to strike as "the constructive equivalent of a finding by the trier of fact" that Mullins did not prove her case by a preponderance of the evidence.  However, since the employer's contention is based on an argument not raised at trial, we do not consider the merits of that contention.  Rule 5:25.