# CIRCUIT COURT OF THE CITY OF RICHMOND

Chetana J. Patel

v.

John R. Keiper

January 29, 1997

Case No. ML-4262

BY JUDGE DONALD W. LEMONS

The matter before the Court is Defendant's Demurrer and Special Plea of the Workers' Compensation Bar. The Defendant claims that the allegations contained in the Amended Motion for Judgment fall within the exclusive jurisdiction of the Virginia Workers' Compensation Act (the Act) and therefore this Court is without subject matter jurisdiction.

One of the original defendants, Mechanicsville Medical Center Family Physicians (MMC), has been nonsuited. On December 3, the Court allowed the Plaintiff to amend the Amended Motion for Judgment by deleting paragraph 5 which stated:

5. The Medical Center knew or should have known of Keiper's propensity for irrational and violent behavior but kept him in their employ anyway. Such continued employment of Keiper and the condonation of Keiper's actions by the Medical Center was negligence and it is, thereby, also responsible for the injuries of the plaintiff.

Section 65.2-307 of the Act provides that:

> The rights and remedies herein granted to an employee ... on account of injury or death by accident, shall exclude all other rights and remedies of such employee ... at common law or otherwise, on account of such injury, loss of service or death.

An injury is "an injury by accident arising out of and in the course of employment." Va. Code Ann. § 65.2-101. Someone who sustains an injury covered under the Act is limited to the Act as her sole remedy. *See Ferrel v. Beddow*, 203 Va. 472 (1962). The defendant claims that the now deleted paragraph 5 of the Amended Motion for Judgment shows conclusively that the injury is covered under the Act.

> In Virginia, we have also approved the general rule that a party is forbidden to assume successive positions in the course of a suit, or series of suits, in reference to the same fact or state of facts, which are inconsistent with each other or mutually contradictory. A litigant is estopped from taking a position which is inconsistent with one previously assumed, or in dealings *in pais*. This wise and salutary policy has been repeatedly followed.
> "A party cannot either in the course of litigation or in dealings *in pais*, occupy inconsistent positions. Upon that rule election is founded; 'a man shall not be allowed' in the language of the Scotch law 'to approbate and reprobate' and where a man has an election between several inconsistent courses of action, he will be confined to that which he first adopts; the election if made with knowledge of facts is in itself binding."

*Burch v. Grace Street Building Corp.*, 168 Va. 329 (1937).

In *Burch*, a negligence action for an injury stemming from a fall into an elevator shaft, the plaintiff in his original Motion for Judgment indicated knowledge that the shaft was open. Before the court could rule on a summary judgment motion based on contributory negligence, the plaintiff took a nonsuit. In the refiled action the Motion for Judgment claimed he did not know the shaft was open. The trial court overturned the jury's verdict based on his admission in the original Motion for Judgment and the Supreme Court of Virginia affirmed stating:

> Pleadings are the allegations made for the purpose of definitely presenting the issue or issues to be tried and determined. We no longer treat pleadings as mere fiction. They are treated as the solemn statements of fact, upon the faith of which the rights of the parties are to be adjudged. Not only is the evidence required to follow the pleadings, but if prior inconsistent pleading sets out a different state of facts, such prior pleading may be used to discredit the present claim of the party ... . "That the pleadings in prior causes then can be treated as the parties' admissions, usable as evidence in later causes, must be conceded."

*Burch*, 168 Va. at 341 (quoting 2 Wigmore, Evidence § 1066).

In *Berry v. Klinger*, 225 Va. 201 (1983), the plaintiff who contended in his pleadings and in his initial arguments at trial that the contract language in question was unambiguous was not allowed to later argue that the language was ambiguous.

> Unless amended, a litigant's pleadings are binding upon him. His opponent is entitled to rely on the position he takes, and should be able to prepare for trial with the assurance that this position will not be suddenly changed without notice. For this reason, a litigant will not be permitted to assume, successively, inconsistent and mutually contradictory positions.

*Berry*, 225 Va. at 207. *See also Strickland v. Dunn*, 219 Va. 76 (1978) (holding that after filing an amended motion for judgment that alleged joint liability, the plaintiff cannot be able to argue that the injuries caused were separate and distinct); *Lyric Theatre Corp. v. Vaughan*, 168 Va. 595 (1937) (finding no error in refusing to allow defendant to amend pleadings and change position on corporation ownership after testimony in case had started).

In this case, the plaintiff took a nonsuit against Mechanicsville Medical Center Family Physicians and moved to amend the pleading to remove paragraph 5 which alleged negligence against MMC. The defendant urges the Court to hold plaintiffs to the allegations in paragraph 5 because they claim that removing the allegations is akin to taking "inconsistent and mutually contradictory positions."

However, paragraph 5 does not allege a factual situation within the plaintiff's personal knowledge. *See Charlton v. Craddock-Terry Shoe Corp.*, 235 Va. 485 (1988) (quoting *Baines v. Parker*, 217 Va. 100, 104 (1976)). Paragraph 5 alleges that MMC knew or should have known of Dr. Keiper's

behavior. It does not provide any fact within Ms. Patel's personal knowledge that she is now contradicting. Plaintiff's counsel offered that further investigation showed that the claim in paragraph 5 was unfounded and moved immediately to amend the pleadings.

Because the pleading was amended well before trial, the defendant is not suddenly caught unaware of plaintiff's allegations and cannot claim prejudice from their reliance. *See Brown v. Lawson Transportation Corp.*, 7 Va. App. 679, 681 (1989) ("While the general rule is that a party is forbidden to take inconsistent positions in successive suits, we agree with the authorities which hold that this rule is applicable only when the party making the election has led another to be prejudiced by reliance on his first position.") Therefore this Court will not hold the plaintiff bound to the allegations in paragraph 5. The allegations of now deleted paragraph 5 are not binding admissions; however, they are admissible as evidence.

Before the Court can determine whether the injury "arose out of" Ms. Patel's employment, the Court must hear evidence in order to make factual determinations. *Cf. Ferrell v. Beddow*, 203 Va. 472, 473 (1962) (hearing evidence *ore tenus* on plea). The question of whether an injury arises out of employment is "a mixed finding of law and fact." *See City of Richmond v. Braxton*, 230 Va. 161, 163-64 (1985). The Court directs the parties to schedule an evidentiary hearing solely on the subject of the Defendant's Demurrer and Special Plea of the Workers' Compensation Bar.