# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Schoeni

v.

Preferred Management Service

February 5, 1997

Case No. (Law) CL960302

BY JUDGE THOMAS A. FORTKORT

This case was heard before a jury on December 5, 1996. The case is a slip and fall case in which an elderly woman broke her wrist and ribs after stepping into a hole in a parking garage. The jury returned a verdict for the plaintiff in the amount of $400,000.00. The Court reduced the judgment to $200,000.00, the amount sought in the ad damnum clause.

The defendant seeks judgment notwithstanding the verdict or, in the alternative, a new trial.

The Virginia Supreme Court has set out established criteria governing when a court may enter judgment notwithstanding the verdict in a civil action. The trial court is empowered to enter this judgment on the ground that the verdict is contrary to the evidence or without evidence to support it. Va. Code § 8.01-430; *Lane v. Scott*, 220 Va. 578 (1979). This power is to be exercised only where the verdict is plainly wrong or without credible evidence to support it. *Lane*, 220 Va. 578 (1979). It is not to be exercised where the trial judge would substitute his decision for that of the jury based on a conflict in the evidence, where reasonable persons might disagree in the conclusions drawn from the facts or based on the weight accorded to certain evidence. *Id.*

The defendant, Preferred Management Service, seeks a judgment notwithstanding the verdict based on the argument that the plaintiff, Ms. Schoeni, testified to two different scenarios, and under the doctrine of *Massie v. Firmstone*, she is bound by the version of her story that most benefits the

defendant. Preferred Management Service argues that the plaintiff must be bound by the statement that she saw the hole prior to her fall. Ms. Schoeni would then be barred from recovering by her own contributory negligence (failing to keep a proper lookout for a known danger).

Defendant's reading of the *Massie v. Firmstone* doctrine is incomplete. The doctrine, which states that a party cannot raise the credibility of his case above his own testimony, has numerous limitations. The doctrine does not apply to equivocal statements, *Clayton v. Taylor*, 193 Va. 555 (1952), or to statements considered in isolation from a party's total testimony, *Travis v. Bulifant*, 226 Va. 1, 5 (1983), or to statements made by a party outside that party's personal knowledge, *Charlton v. Craddock-Terry Shoe Corp.*, 235 Va. 485, 489 (1988), or to expressions of opinion as opposed to fact, *Erlich v. Hendrick Construction Co.*, 217 Va. 108, 114 (1976).

Preferred Management Service argues that Ms. Schoeni testified that she saw the hole in which she fell on previous occasions. The transcript does not precisely support this version. Defense counsel read these questions and answers provided by Ms. Schoeni in deposition:

Q. "There wasn't anything wrong with the lighting, and you'd seen that hole and gravel in the area before when you went through?"

A. "Yeah."

Ms. Schoeni's response could have referred to either the lighting or the hole or both. It does not clearly establish that Ms. Schoeni had seen the hole on a prior occasion. The questioning continues:

Q. "Let me ask you this. If you can, could you think of anything that was different on the day you fell that prevented you from seeing it on that day when you'd seen it before, the hole? That's not a very clear question. Can you understand what I'm saying? Was there anything —"

A. "Well, it was like that every day."

Q. "Okay, so there is nothing different."

A. "Huh-uh, like that every day."

Preferred Management Service claims that this established that Ms. Schoeni had seen the hole on prior occasions. The question is not very clear. Defense counsel never got Ms. Schoeni to directly admit to having seen the hole. This question assumes that Ms. Schoeni had seen the hole on a prior occasion. Ms. Schoeni's response to the question suggests that she thought the question was referring to some overall condition of the garage on the day she fell. She could have been referring to the hole she fell into, the lighting, or other holes in the garage that she had seen earlier.

*Massie v. Firmstone* does not apply even if these answers by the plaintiff are assumed to be statements that she had seen the hole prior to the day she

fell. *Massie* does not apply where a party's testimony is equivocal. Her counsel introduced testimony from her deposition as to a prior consistent statement to counter the inconsistent testimony introduced by the defendant. Prior consistent statements are admissible where a witness' testimony has been attacked by the admission of a prior inconsistent statement. *See, Faison v. Hudson*, 243 Va. 397, at 405 (1992). The prior consistent statements would also be admissible under Va. Rule 4:7(a)(5), which provides that if a part of a deposition is introduced into evidence by any party, the adverse party may require him to introduce any other part which in fairness ought to be considered with the part introduced, and any party may introduce any other parts. Under this rule, the plaintiff could introduce the deposition testimony to give a more complete picture of her testimony at the deposition. Even accepting defendant's reading of the deposition and trial questions (establishing that Ms. Schoeni stated that she had seen the hole before the day of the accident), her complete testimony reveals that she was equivocating in her testimony. The *Massie v. Firmstone* instruction given to the jury allows the jury to weigh the statements given by the plaintiff in light of explanations or clarifications made elsewhere in her testimony. The jury evidently resolved these inconsistencies in favor of the plaintiff. Therefore, this ground does not serve as a basis for entering judgment for the defendant.

Preferred Management Service also argues that judgment should be entered on its behalf because the plaintiff failed to prove that the defendant was on notice of the defect in the floor. The testimony on this point was limited to Ms. Schoeni's testimony that she had seen defects in the floor over the last two years and defendant agent's testimony that some defects had been repaired a year before this incident occurred. This testimony does not establish that the defendant was on actual notice of the particular hole that caused Ms. Schoeni's fall. The plaintiff argues that there was ample testimony that defendant was on constructive notice of the defect. She points to several facts brought out in the testimony: (1) Management knew that the seams in the concrete deteriorated over time, causing holes; (2) Management had fixed such holes in the past; (3) the deterioration such as existed in the hole plaintiff fell into takes a long time to occur; (4) plaintiff had no other route to her car but through the garage; (5) the lighting was dim, adding to the danger of the hole. This suggests that Preferred Management Service was on constructive notice of the defect, particularly the fact that the deterioration would take a long time to occur and that Preferred Management Service knew of the tendency for the concrete to deteriorate in this fashion.

Preferred Management Service's final argument is that, if the court will not enter judgment for the defendant, the court should at least grant a new trial

4

based on the excessive amount of damages awarded. The decision whether to grant a new trial based on excessive damages awarded by the jury is vested in the sound discretion of the trial judge. *Robinson v. Old Dominion Freight Line*, 236 Va. 125 (1988). The plaintiff proved $22,000.00 in medical bills. She testified as to pain and suffering and endured several operations to cure herself of her injuries. The measurement of damages for pain and suffering are particularly within the province of the jury. *See, Stuart Circle Hosp. Corp. v. Curry*, 173 Va. 136, 152 (1939). The award, while substantial, in the light of all the circumstances does not lead the court to believe a new trial on the grounds of "excessive damages" is warranted in fact or at law.