DUFF, Judge.
Donald C. McIntyre (husband) appeals the decision of the circuit court awarding attorney’s fees to Garnet M. McIntyre (wife). Husband contends that the trial court: (1) lacked jurisdiction to award wife attorney’s fees incurred in the course of a previous appeal; and (2) abused its discretion by awarding wife attorney’s fees without proof of need or disproportionate ability to pay. We agree that the trial court lacked jurisdiction and, therefore, reverse.
Under the terms of the final decree, the trial court provided:
In the event that [husband] appeals the judgments set forth ..., bond or an irrevocable letter of credit conditioned upon the performance or satisfaction of the judgments, shall be posted with the Court in the amount of $35,000 suspending execution of the judgments during the appeal. The Clerk of Court is hereby directed to place any cash bond posted in an interest bearing account until further order of this Court.
This Court affirmed the trial court’s decision and ordered husband to pay to wife “damages according to law.” No express provision was made concerning wife’s request for appellate attorney’s fees. Wife filed with the trial court a Motion for Release of Bond, Interest on Judgment and Attorney’s Fees upon the conclusion of husband’s appeal to this *614 Court. However, husband filed a petition for appeal with the Supreme Court of Virginia. Husband’s petition, and his subsequent petition for rehearing, were both dismissed by the Supreme Court. Wife then filed with the trial court a new Motion for Release of Bond, Interest on Judgment and Attorney’s Fees.
In O’Loughlin v. O’Loughlin, 23 Va.App. 690, 691, 479 S.E.2d 98, 98 (1996),[1] we held that, in the absence of a specific remand for attorney’s fees, the trial court lacks jurisdiction to award appellate fees.
The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney’s fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other. reasons exist for requiring additional payment.
Id. at 695, 479 S.E.2d at 100 (footnote omitted). Neither this Court nor the Supreme Court awarded wife appellate attorney’s fees or remanded the matter to the trial court with instructions to make such an award.
Accordingly, the decision of the trial court awarding appellate attorney’s fees and costs is reversed.
The trial court also awarded $2,800 in attorney’s fees in connection with wife’s motion. That award was within the trial court’s discretionary authority and was supported by credible evidence. We find no abuse of that discretion and affirm that award.

Affirmed in part and reversed in part.

. O'Loughlin was decided subsequent to the order appealed from herein.