# CIRCUIT COURT OF THE CITY OF ROANOKE

Theresa A. Mullins

    v.

Virginia Lutheran Homes, Inc.

December 8, 1997

Case No. CL95000554-01

BY JUDGE CLIFFORD R. WECKSTEIN

For the reasons that follow, the court will order that the plaintiff's former employer pay $32,847.50 in attorney's fees to Terry N. Grimes for his successful prosecution of an unlawful discharge claim against the employer.

"Theresa A. Mullins filed a motion for judgment against her former employer, Virginia Lutheran Homes, Inc. (the employer). She alleged under Code § 65.2-308 that the employer discharged her from her employment for filing a workers' compensation claim." *Mullins v. Virginia Lutheran Homes*, 253 Va. 116, 117, 479 S.E.2d 530 (1997). Code § 65.2-308 provides, in relevant part:

A. No employer or person shall discharge an employee solely because the employee intends to file or has filed a claim under this title or has testified or is about to testify in any proceeding under this title . . . .

B. The employee may bring an action in a circuit court having jurisdiction over the employer or person who allegedly discharged the employee in violation of this section. The court shall have ju-

risdiction, for cause shown, to restrain violations and order appropriate relief, including actual damages and attorney's fees to successful claimants . . . .

*Id.*, 253 Va. at 117, n. 1.

The case first went to trial on July 20, 1995. "At the conclusion of Mullins' evidence, the trial court granted the employer's motion to strike the evidence on the unlawful discharge claim . . . . The court later entered an order dismissing Mullins' unlawful discharge action." *Id.* at 119. Ms. Mullins appealed. Finding that she had presented sufficient evidence to raise an issue for jury consideration, the Supreme Court reversed my decision and remanded the case to this court.

A second jury trial was held on April 14, 1997. At the conclusion of all of the evidence, the parties agreed that the jurors would be asked to complete a "special verdict form," rather than to return the usual "general verdict." The jury returned the following verdict:

We, the jury, unanimously find that the Defendant terminated the employment of the Plaintiff solely because she filed a claim for workers' compensation benefits. We unanimously award the Plaintiff lost wages of $ *NONE*. We unanimously award the Plaintiff other actual damages of $ *NONE*.

The plaintiff filed a motion for additur or, in the alternative, for a new trial on damages. The parties agreed that the amount of the plaintiff's uncontested and proven lost wages was $3,034.44. Thus, on June 23, 1997, I entered an order confirming the jury's verdict on liability, denying the defendant's motion to set aside the verdict, and granting judgment for lost wages in the amount of $3,034.44, plus costs of $1,116.70. The order recites that, "[t]here was no objection to the additur; the parties concurred in it, the defendant, however, not waiving its argument in support of its motions to strike." The defendant has satisfied this judgment.

Ms. Mullins now seeks an award of attorney's fees under Code § 65.1-308. Mr. Grimes, her attorney, has filed an affidavit concerning his fees, together with appropriate itemizations of his time and expenses. The employer does not question and agrees that the plaintiff need not furnish further proof of the reasonableness of Mr. Grimes's hourly rates, or that any person spent the amount of time shown on the documents submitted in support of the fee request. The employer questions whether *any* award of attorney's fees is appropriate in this case, given the verdict in the case. If

fees are awarded, the employer urges, they must be proportional to the plaintiff's modest recovery, and must take into account the fact that the jury apparently was unpersuaded that the plaintiff had proven any monetary damages. The employer also asserts that, inasmuch as the Supreme Court did not explicitly give the trial court the power to award attorney's fees for time and effort expended on the plaintiff's successful appeal, the circuit court has no power to award such fees. At a hearing, the employer's attorney also noted that the plaintiff seeks an award of fees for work performed by lawyers who, when they worked on this case in Mr. Grimes's office, were not yet licensed to practice law. The employer also suggests that the plaintiff bears the burden of showing what portion of her attorney's time and efforts was allocable to the unlawful discharge claim and what portion was allocable to related claims on which, the employer asserts, the plaintiff was not successful.

Counsel have proficiently briefed the issues. The Supreme Court of Virginia has not addressed the question of attorney's fees under Code § 65.2-308. No opinion citing the statute is reported in *Virginia Circuit Court Opinions*; none has been called to my attention by counsel in this case.

I find, as a matter of law, that Ms. Mullins is entitled to an award of attorney's fees. She is a "successful claimant," under Code § 65.2-308. Though the amount of her financial recovery is relatively modest, she is, in fact, an extremely successful claimant. This is not simply a case in which a jury explicitly found that an employee was discharged "solely because she filed a claim for worker's compensation benefits"; it also is a case in which she may have blazed a path that will guide future litigants under this statute by demonstrating the quantum of evidence necessary, in the unanimous judgment of the Supreme Court, to make out a jury issue on the question. *Cf. R. F. & P. Corp. v. Little*, 247 Va. 309, 322, 440 S.E.2d 908 (1994).

"Where, as here, a statute authorizes recovery of attorney's fees and expenses, the fact finder is required to determine from the evidence the amount of the reasonable fees under the facts and circumstances of each particular case. *Mullins v. Richlands National Bank*, 241 Va. 447, 449, 403 S.E.2d 334, 335 (1991). 'In determining a reasonable fee, the fact finder should consider such circumstances as the time consumed, the effort expended, the nature of the services rendered, and other attending circumstances.' *Id.*" *Tazewell Oil Co. v. United Va. Bank*, 243 Va. 94, 111, 413 S.E.2d 611 (1992). *See R. F. & P. Corp. v. Little, supra; Greenwald Cassell Assocs. v. Guffey*, 19 Va. App. 179, 450 S.E.2d 181 (1994). The amount of damages awarded to the plaintiff is not controlling as to the rea-

sonableness of the fees awarded; the amount of attorney's fees awarded need not necessarily bear any relationship to the monetary award. *Riverside v. Rivera*, 477 U.S. 561, 574 (1986); *McHenry v. Chadwick*, 896 F.2d 184, 189 (6th Cir. 1990).

I find that, in this case, the "most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Riverside v. Rivera, supra*, 477 U.S. at 433, 76 L. Ed. 2d at 40. I have considered, as "other attending circumstances" bearing on attorney's fees in this case, *Mullins v. Richlands Bank, supra*, the factors listed by the U.S. Court of Appeals for the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226, n. 28 (4th Cir. 1978). I also find that, under the circumstances of this case — known to me as the judge who has presided at every stage of it — all of the claims Mullins made against her former employer arose out of her discharge and that all claims were thoroughly intertwined with the unlawful discharge claim.

As trier of fact, I conclude, after consideration of all of the factors discussed above, that the plaintiff's attorney should be fully and fairly compensated for his services in vindicating her rights and carrying out the Commonwealth's public policy, as embodied in Code § 65.2-308. The amount of the plaintiff's financial recovery should not markedly affect the amount to be awarded to her attorney in this case. I reach the same conclusion about the fact that the jury improperly decided to award no damages after rendering a factual finding in the plaintiff's favor.

I also conclude that the circuit court's attorney's fee award should compensate the attorney for the time and effort expended in the successful appeal.

In a series of published and unpublished opinions, beginning with *O'Loughlin v. O'Loughlin*, 23 Va. App. 690, 479 S.E.2d 98 (1996), the Court of Appeals of Virginia has held that, "in the absence of a specific demand for attorney's fees, the trial court lacks jurisdiction to award appellate fees" in domestic relations cases. *McIntyre v. McIntyre*, 25 Va. App. 612, 614, 491 S.E.2d 300 (1997). *O'Loughlin* and its progeny are inapposite to this case.

When the General Assembly, in enacting Code § 65.2-308, provided for an award of attorney's fees to a successful claimant, such as Mullins, it effectively made a policy determination that the public, as a whole, had an interest in the vindication of the right conferred by that statute — the right not to be fired solely for making a workers' compensation claim — over and above the value of a monetary remedy to a particular plaintiff. *See*

*Hensley v. Eckerhart*, 461 U.S. 424 at 444, n. 4, 76 L. Ed. 2d at 57-58 (1983) (Brennan, J., dissenting). In the specific factual context of this case, Mullins's appeal was an integral and inextricable part of the vindication of that right. This court therefore holds that her attorney is entitled to be compensated, in the trial court after succeeding on remand, for the time and effort spent on appeal.

Mr. Grimes's normal hourly fees in employment litigation range from $175.00 to $250.00 per hour. He seeks $32,847.50 for 187.7 hours of work at the rate of $175.00 per hour. He also seeks $6,180.00 for time expended by a paralegal assistant at the rate of $60.00 to $80.00 per hour, noting that he employs the services of such an assistant in an effort to reduce legal fees. Lawyers who had not yet been licensed performed services while interning in Mr. Grimes's office, for which he seeks $1,112.50.

The amount for which Mr. Grimes seeks to be compensated for his own time and effort is reasonable.

In my view, attorney's time billed at such a significant amount as $175.00 per hour must be expected to cover staff time and normal overhead. I recognize that some of the time spent by the paralegal assistant in this case was time that the attorney, himself, normally would have spent. Some of the assistant's time, however, was spent on tasks that — at least in my view — are part of the normal overhead of a litigation practice. (Included in this, in my view, is time spent in the courtroom. It may markedly aid the lawyer to have his paralegal assistant present. However, in my view, neither the client nor, in this case, the opposing party, should have to expect to pay an additional sum, over and above the lawyer's hourly fee, for this aid.) A modest portion of the time spent by Mr. Grimes's legal interns was devoted to legal research. In this case, in view of the fee that will be paid to Mr. Grimes by multiplying only his hours by his hourly fee, and taking into account all of the factors enumerated in the cases discussed above, I decline to award additional attorney's fees for the time spent by Mr. Grimes's paralegal assistant and legal interns. I am satisfied that an attorney's fee of $32,847.50 will fully and fairly compensate Mr. Grimes for representing the successful claimant; in this case, I conclude that the billings for the paralegal assistant and legal interns fairly should be subsumed to the lawyer's efforts.

Therefore, I will order that the defendant employer pay $32,847.50 in attorney's fees to Terry N. Grimes, for his efforts in representing the successful plaintiff in this case.