Walter C. Cooley

v.

Tyson Foods, Inc.

April 3, 1998

Case No. (Law) ML-5636

BY JUDGE JAMES B. WILKINSON

*Facts*

The plaintiff, Walter C. Cooley, was an employee of the defendant, Tyson Foods, Inc., from approximately November 1967 to August 1996. On August 6, 1996, Mr. Cooley reported to a nurse at Tyson Farms that he had injured his back while lifting a cart weighing approximately ten to fifteen pounds and was experiencing pains in his left side. Mr. Cooley signed an injured worker's statement which represented he had not recently or in the past injured himself while off the job. Def. Ex. 2. After reporting the injury, Tyson Foods referred Mr. Cooley to Health South where he was treated for his back pain.

Tyson Foods subsequently learned that prior to his reported back injury at work, Mr. Cooley had been to the Health South emergency room on August 2, 1996, for back pain. Tyson Foods also subsequently learned Mr. Cooley had visited his personal physician, Dr. Ray, on August 5, 1996, for an unrelated health complaint. During his August 5th examination, Mr. Cooley asked Dr. Ray to examine his back because he had been knocked down by a wave while at the beach the previous weekend. Neither of these previous medical treatments were communicated to Tyson Foods or Health South by Mr.

Cooley when reporting his back injury as work related. Mr. Cooley was terminated by Tyson Foods on August 12, 1996, for "false statements regarding an alleged work comp injury." Pl. Ex. 1.

On May 16, 1997, the plaintiff filed a Motion For Judgment against the defendant for wrongful termination in violation of § 65.2-308 of the Code of Virginia, 1950, as amended, which in pertinent part prohibits an employer from discharging an employee solely because the employee intends to file or has filed a claim under the Workers' Compensation statutes. The plaintiff moved for judgment for compensatory and punitive damages in the amount of $500,000.00, lost wages, attorney's fees, and reinstatement of Mr. Cooley to his former position with restitution of seniority, rights, and benefits.

This case was tried by jury on February 2, 1998. The jury returned a verdict in favor of the plaintiff against the defendant and found the defendant liable to the plaintiff in the amount of $36,450.00. Whereupon, the jury having reached a verdict and the Court having previously taken under advisement the defendant's motion to strike at the end of all evidence, the verdict of the jury was held under advisement by the Court. A written Motion to Set Aside the verdict was filed by the defendant on March 26, 1998.

## Issues

Whether evidence of the plaintiff's intentions to file a workers' compensation claim was sufficiently shown at trial to be presented to the jury.

Whether evidence of the plaintiff's intention to file a workers' compensation claim was the sole reason for the defendant's terminating the plaintiff was sufficiently shown at trial to be presented to the jury.

## Discussion

In order for the plaintiff to recover for wrongful termination in violation of § 65.2-308 of the Code of Virginia, the evidence must show: (1) the employee intended to file or filed a workers' compensation claim; and (2) the employer terminated the employee solely because the employee intended to file or filed a workers' compensation claim. Va. Code §65.2-308 (1991).

Section 65.2-101 clearly defines what constitutes a "filed" workers' compensation claim. However, the Code of Virginia and Virginia case law is silent as to what constitutes an intention to file a workers' compensation claim. Such evidence would be introduced by Mr. Cooley.

An employee is required under § 65.2-600(A) of the Code of Virginia to "immediately on the occurrence of an accident or as soon thereafter as practicable, give or cause to be given to the employer a written notice of the accident." Notice must be given in order for the injured employee to be entitled to physician's fees. Va. Code § 65.2-600(B). Notice of an injury does not invoke the jurisdiction of the Compensation Commission; only proper filing of a claim invokes the jurisdiction of the Compensation Commission to award compensation. *Garcia v. Mantech Int'l Corp.*, 2 Va. App. 749, 347 S.E.2d 548 (1986). Since notice of injury does not constitute the filing of a workers' compensation claim, the Court is of the considered opinion that the same applies when determining whether an employee intended to file a workers' compensation claim.

In this case, the evidence shows Mr. Cooley signed a "Tyson Foods Injured Workers Statement" and an "Incident Form" at the direction of Tyson Foods which constituted the required written notice. Tyson Foods completed an "Employer's First Report of Accident" form which is also required by the Virginia Workers' Compensation Act. Mr. Cooley testified he never told his employer he intended to file a workers' compensation claim. Tr. 70. Mr. Cooley testified his back was hurting and his intentions were to get help for his back and he "was going to file the one to take care of [his] back." Tr. 70-71. In the context of the testimony, the Court interpreted this to mean Mr. Cooley signed the injured workers statement which he was told was a requirement in order to receive medical treatment. A workers' compensation claim form was mailed to Mr. Cooley after his employment was terminated. Mr. Cooley did not file a workers' compensation claim. The Court is of the considered opinion the evidence failed to establish that Mr. Cooley intended to file or filed a workers' compensation claim.

The employer's motivation for terminating the employee is "a fact ordinarily established by circumstantial, rather than direct, evidence." *Mullins v. Virginia Lutheran Homes*, 253 Va. 116, 119, 479 S.E.2d 530 (1997). The employer's motivation may be a matter outside the realm of the plaintiff's knowledge. *Id.* (citing *Charlton v. Craddock-Terry Shoe Corp.*, 235 Va. 485, 369 S.E.2d 175 (1988)). Where the evidence presents a question of fact as to whether the employer's motivation for terminating the employee was solely because the employee intended to file a workers' compensation claim, the plaintiff is "entitled to have the evidence weighed by the jury together with all the other evidence in the case."*Mullins*, 253 Va. at 120.

In the case at bar, the evidence shows a motivation for terminating Mr. Cooley was his false statements representing he had not sustained any recent

or past injuries off the job. The forms completed by Tyson Foods consistently state the explanation for terminating Mr. Cooley was because of the "false statements regarding an alleged work comp injury." Pl. Ex. 1, 3. The Court is of the considered opinion the evidence shows Tyson Foods did not terminate Mr. Cooley solely because they believed he was intending to file a workers' compensation claim, but that other reason(s) were the motivation for Mr. Cooley's termination.

## Conclusion

The Court holds no evidence was introduced showing the plaintiff intended to file or filed a workers' compensation claim. The Court further holds the evidence shows a motivation of the defendant for terminating the plaintiff was the false statements made representing no recent or past injuries off the job when reporting a work injury and the defendant did not terminate the plaintiff solely based on the belief he was intending to file a workers' compensation claim. The Court having taken under advisement the defendant's Motion to Strike at the end of all evidence and the defendant's Motion to Set Aside the Verdict, the Court orders the verdict of the jury to be set aside as being contrary to the law and evidence and judgment be entered in favor of the defendant.