COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Frank and Clements
Argued at Richmond, Virginia


JENNIFER L. DUNWODY

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2373-07-2              JUDGE ROBERT P. FRANK
                                                       NOVMEBER 12, 2008
JOHN R. DUNWODY


                    FROM THE CIRCUIT COURT OF MADISON COUNTY
                            F. Ward Harkrader, Jr., Judge Designate

             David B. Franzen (Feil, Pettit & Williams, PLC, on brief), for
             appellant.

             Lynn A. Bradley (Patricia M Brady; Tucker Griffin Barnes, PC, on
             brief), for appellee.


        Jennifer L. Dunwody, appellant (wife), contends the trial court erred in:  (1) failing to

properly apply the factors contained in Code § 20-107.1(E) by awarding spousal support to John R.

Dunwody, appellee (husband); and (2) awarding attorney's fees and costs to husband.  For the

reasons stated, we affirm the trial court.

                                          BACKGROUND

        The parties were married on October 8, 1993 and have two minor children, ages 14 and 10.

At the time of the marriage, husband was a machinist.  He was laid off shortly before the first child

was born, and the parties agreed husband would be a "stay at home" parent.  For the next 13 years,

he did so.  He had periodic part-time employment, but could not maintain employment because of

the needs of the children.  As primary caretaker, husband transported the children to their numerous

activities.  The children had been enrolled in an after-school program, but both parents were

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

dissatisfied with the program and withdrew the children. Husband feels the children cannot adequately prepare themselves for school in the morning without adult supervision. No one else is available to undertake that responsibility. Husband has no immediate family members in the community to assist supervising the children.

Husband had investigated returning to work as a machinist, yet the industry has become more sophisticated, requiring the use of computers. He had neither the current skills nor knowledge of computers to return to that trade. Retraining would require a 4-year program, attending classes at night and serving as an apprentice during the day. Throughout the marriage, wife was employed full-time, with a 4-hour daily commute. She left home at around 6:00 a.m. and returned between 7:00 p.m. and 8:00 p.m. When the children were infants, husband cared for the children while wife took night courses and received her college degree.

The party's son, diagnosed with ADHD, is on medications and is under psychiatric care. The son needs constant "hands on" attention to complete homework, to stay focused, and to behave properly.

When father worked part-time, the son's behavior deteriorated and his grades fell. When father's job ended, the son's behavior and grades returned to normal.

Wife testified that her present gross annual salary is $105,000, yet her pay stubs reflect a gross income of $10,794.23 per month. Wife's monthly expenses, including the *pendente lite* ordered spousal and child support ($2,000), totaled $9,456. At the time of the *pendente lite* hearing, wife was renting a house for $1,550 per month; since then she has purchased a home and her monthly mortgage payment is $3,100. Her paramour lives in that house with her but does not contribute to any household expenses.

Husband's monthly expenses total $7,490.24, which includes expenses for him and the two children. During the marriage, the parties enjoyed a "comfortable standard of living."

The final decree entered September 26, 2007 awarded husband a divorce based on wife's adultery, and also awarded him $2,878 per month spousal support and $1,540 per month child support. The final decree eliminated wife's duty to pay the mortgage and equity line loan on the marital home and awarded husband $37,462.85 attorney's fees and costs, including fees and costs incurred for a private investigator.[1]

A property settlement agreement, dated February 26, 2007, was incorporated into the final decree. Among other matters, wife retained the Ameriprise account with a balance of $229,409.03 and paid husband a lump sum of $97,320 from that account to equalize the division of the marital estate.

In the final decree, the trial court considered all of the factors in Code § 20-107.1(E) and made a number of factual findings: Husband is unemployed and has monthly expenses in excess of $7,000 per month; wife has an average monthly income of $10,794.23; husband has been a "stay at home" parent since the daughter was born; the son has special needs making it appropriate that husband not seek employment outside of the home; and husband does not possess the requisite skills to return to his machinist trade.

This appeal follows.

ANALYSIS

Code § 20-107.1(E)

Appellant contends the trial court misapplied the factors in Code § 20-107.1(E). She concludes that a proper application would have resulted in a denial of spousal support or a lesser amount of support and a limited duration.[2]

---

[1] This sum is in addition to the $10,000 awarded to husband in attorney's fees in the *pendente lite* order entered on August 24, 2005.

[2] Wife does not contend, either at trial or on appeal, that the trial court should have imputed income to husband.

In <u>Miller v. Cox</u>, 44 Va. App. 674, 607 S.E.2d 126 (2005), this Court summarized the

principles here applicable:

> In reviewing a spousal support award, we are mindful that the trial court has broad discretion in awarding and fixing the amount of spousal support. <u>Brooks v. Brooks</u>, 27 Va. App. 314, 317, 498 S.E.2d 461, 463 (1998). Accordingly, our review is limited to determining whether the trial court clearly abused its discretion. <u>Gamble v. Gamble</u>, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992). In exercising its discretion, the trial court must consider all the factors enumerated in Code § 20-107.1(E) when fashioning its award, but it is not "required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors." <u>Woolley v. Woolley</u>, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986). That being said, the trial court's findings "must have some foundation based on the evidence presented." <u>Id.</u> Where that evidentiary foundation exists and the record discloses that the trial court "has given due consideration to each of the [statutory] factors," we will not disturb its determination as to spousal support on appeal. <u>See</u> <u>Thomasson v. Thomasson</u>, 225 Va. 394, 398, 302 S.E.2d 63, 66 (1983); <u>see also</u> <u>Gamble</u>, 14 Va. App. at 574, 421 S.E.2d at 644.

<u>Miller</u>, 44 Va. App. at 679, 607 S.E.2d at 128. The court's findings must, however, be based upon

credible evidence. <u>Taylor v. Taylor</u>, 5 Va. App. 436, 444, 364 S.E.2d 244, 249 (1988). "The

credibility of the witnesses and the weight accorded the evidence are matters solely for the fact

finder who has the opportunity to see and hear that evidence as it is presented." <u>Sandoval v.

Commonwealth</u>, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995).

Appellant first contends the trial court did not consider the circumstances and factors that

contributed to the dissolution of the marriage. She maintains the adultery did not contribute to

the dissolution because the adultery occurred after she had asked husband for a divorce. Instead,

she argues, it was the husband's habitual use of alcohol and marijuana, his abusive conduct, his

failure to work, and his waste of marital assets that contributed to the dissolution of the marriage.

- 4 -

Appellant does not contend the trial court failed to consider the factors enumerated in Code § 20-107.1(E),[3] but that the evidence does not support the trial court's factual findings.

Wife's argument focuses on husband's ability to be gainfully employed, contending that the trial court's consideration of Code § 20-107.1(E)(1) (obligations, needs, and financial resources), (E)(9) (earning capacity), (E)(11) (decisions regarding employment and career), and (E)(10) (opportunity to acquire education) were not supported by the evidence. The trial court found, factually, that husband was a "stay at home" parent and because of the son's needs, "it is appropriate that [husband] not seek employment." The trial court also found husband does not possess the requisite skills to return to his trade, without several years of schooling and "on the job" training. The record supports these findings.

Wife maintains that the son's ADHD does not prevent husband from working, concluding that the factors of Code § 20-107.1(E)(5), i.e., age, physical or mental condition or special circumstances of the child, should be weighed against the support award. Again, the trial court made a factual finding to the contrary and the record supports that finding.

Under the factors of Code § 20-107.1(E)(6), monetary and non-monetary contributions, wife argues the husband's abuse, consumption of alcohol, and dissipation of marital assets would again weigh against an award of support. The trial court, in evaluating the evidence, concluded that both parties contributed to the well-being of the family, with the wife contributing the majority of the monetary contributions and the husband providing the majority of the non-monetary contributions. The evidence supports this factual finding.

Wife next contends the property interest of the husband, as contained in Code § 20-107.1(E)(7), and the equitable distribution award, contained in

---

[3] In determining spousal support, the trial court must consider all factors contained in Code § 20-107.1; failure to do so constitutes reversible error. Woolley, 3 Va. App. at 344, 349 S.E.2d at 426.

- 5 -

Code § 20-107.1(E)(8), would also weigh against an award. Her argument, however, is limited to the husband's receiving the house, $97,320 in cash, two vehicles, and $47,462.85 in attorney's fees and costs.

This argument ignores husband's obligations toward the marital residence, a mortgage with a balance of approximately $125,000 payable at $1,250 per month, and an equity line balance of approximately $40,000 payable at $500 per month. The house is also in need of repairs, estimated to be between $8,000-$10,000. Husband testified that the $97,320 he received from wife's Ameriprise account would be used to pay debts "including some debts securing the home." Under the terms of the property settlement agreement, husband was required to refinance the marital home and equity line so that the wife would have no further liability on those debts. At such time, wife would convey her interests in the home to husband.

The trial court found wife was financially able to pay the amount awarded. Her gross monthly income is $10,794.23. In modifying her expenses by eliminating the $2,000 *pendente lite* support payment and the $1,850 mortgage expense, her monthly expenses are $5,606. The evidence supports wife's ability to pay and husband's need for spousal support. The evidence revealed that since the parties' separation, wife voluntarily increased her expense for habitation from $1,550 to $3,100 per month, including living with her paramour who is not contributing to the costs of the residence. The husband's monthly expense for himself and the two children is $7,490.04. The evidence supports the trial court's finding that wife has the ability to pay the award.

Wife challenges the trial court's finding that the parties were able to afford "luxuries" pursuant to Code § 20-107.1(E)(2) "standard of living." However, the "Agreed Statement of Facts" clearly recites in paragraph 34 "that the parties were able to meet their basic needs and have luxuries on [wife's] salary." The record supports the trial court's finding.

While wife addresses each factor under Code § 20-107.1(E), we must be mindful that no one category is in itself a disqualifier from an award of spousal support. The trial court is not required "to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors." Woolley, 3 Va. App. at 345, 349 S.E.2d at 426.

Here, the trial court addressed each of the required factors set forth in Code § 20-107.1(E). We conclude the trial court did not abuse its discretion in making the award. The court's factual findings were based on the evidence presented.

### Attorney's Fees

Wife next challenges the award of attorney's fees contesting the trial court's stated basis for the award. The trial court considered, among other things, husband's inability to pay, wife's ability to pay, legal services related to discovery issues, and proof of adultery.[4]

Whether to award attorney's fees "'is a matter submitted to the sound discretion of the trial court and is reviewable on appeal only for an abuse of discretion.'" Kane v. Szymczak, 41 Va. App. 365, 375, 585 S.E.2d 349, 354 (2003) (quoting Northcutt v. Northcutt, 39 Va. App. 192, 199-200, 571 S.E.2d 912, 916 (2002)); see also Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). "Given the unique equities of each case, our appellate review steers clear of inflexible rules and focuses instead on 'reasonableness under all the circumstances.'" Kane, 41 Va. App. at 375, 585 S.E.2d at 354 (quoting Joynes v. Payne, 36 Va. App. 401, 429, 551 S.E.2d 10, 24 (2001)).

Wife argues that the evidence does not support an award of post-*pendente lite* ordered attorney's fees. She reasons that the trial court improperly considered the cost of husband proving adultery in the final award because the court already considered that factor in ordering the *pendente lite* award. We disagree with wife.

---

[4] Wife does not contest the reasonableness of husband's attorney's fees.

Code § 20-103 provides that at any time while a divorce suit is pending, the trial court, in its discretion, may order that a spouse pay any sums necessary "to enable [petitioning] spouse to carry on the suit." Code § 20-103(A). Attorney's fees have long been considered a cost necessary to enable a spouse or child to maintain a suit for support. McIntyre v. McIntyre, 25 Va. App. 612, 616, 491 S.E.2d 300, 302 (1997). In addition, by statute, *pendente lite* orders entered by trial courts prior to a final decree have "no presumptive effect and shall not be determinative when adjudicating the underlying cause." Code § 20-103(E); see also Shackelford v. Shackelford, 39 Va. App. 201, 215 n.4, 571 S.E.2d 917, 922 n.4 (2002). *Res judicata*, therefore, does not apply to *pendente lite* orders. Petry v. Petry, 41 Va. App. 782, 796 n.3, 589 S.E.2d 458, 462 n.3 (2003).

Guided by these principles, we conclude that the trial court was not required to limit the final award to legal fees incurred after the *pendente lite* award was entered on August 24, 2005. Further, because *res judicata* does not apply to *pendente lite* awards, the trial court was free to consider any factors properly before the court, regardless of whether the court considered the same factors in ordering the *pendente lite* award.

That said, the evidence revealed that wife had an annual gross income of over $120,000. Husband is a "stay at home" parent. Husband explained to the trial court's satisfaction the disposition of the $97,000 he received from the Ameriprise account. The evidence further reveals wife did not respond to discovery necessitating husband to prove adultery and causing husband to hire a private investigator. Husband also incurred attorney's fees to enforce the *pendente lite* support award.

It is clear that husband incurred attorney's fees and costs by wife's obstructive behavior. See Smith v. Smith, 43 Va. App. 279, 290, 597 S.E.2d 250, 256 (2004) ("The award of [attorney's] fees seems to us particularly appropriate given the effort required to litigate the issue of the

marital home . . . ."); cf. Cirrito v. Cirrito, 44 Va. App. 287, 301, 605 S.E.2d 268, 275 (2004) (discussing that when husband's conduct did not compound the cost of litigation, he is not obligated to reimburse wife's attorney's fees).

The wife's actions contributed greatly to husband's fees and costs. Where the record contains credible evidence in support of the findings made by the court, we may not retry the facts or substitute our view of the facts for those of the trial court. Ferguson v. Stafford County Dep't of Social Services, 14 Va. App. 333, 336, 417 S.E.2d 1, 4 (1992).

For these reasons, we find no basis for wife's claim that the trial court abused its discretion in awarding fees and costs.

For the same reason, we reject wife's accusation that the trial court's award was pretextual and punitive. There is nothing in the record to support this meritless contention.

Husband asks for an award of attorney's fees and costs to defend this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996).

Upon reviewing the record and the briefs submitted, we conclude wife's contentions are not frivolous. Gottlieb v. Gottlieb, 19 Va. App. 77, 95, 448 S.E.2d 666, 677 (1994).

CONCLUSION

For the foregoing reasons, we find the trial court properly applied the factors contained in Code § 20-107.1(E) in awarding spousal support to husband. We also find that the trial court properly awarded attorney's fees and costs to husband. Accordingly, the trial court is affirmed.

Affirmed.